**Marion Baxter TATUM, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18484.**

United States Court of Appeals Ninth Circuit.

July 29, 1963.

———◆———

Fred N. Howser, Arcadia, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and Benjamin S. Farber, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, MERRILL and BROWNING, Circuit Judges.

ORR, Circuit Judge.

Appellant is by profession a private investigator having thirteen years experience in that line and as a peace officer. One Frederick S. Thompson was at one time employed by a corporation known as Fiberite. He left the employ of Fiberite and went to work for U.S. Polymeric, a competitor. Fiberite suspected Thompson of having knowledge of certain formulas used by it in the manufacture of its product. It was apprehensive lest Thompson divulge to its competitor the composition of the formulas and decided to put him under surveillance. For this purpose it employed appellant.

At this time Thompson was residing in the Blue Bird Motel in Santa Ana, California. In pursuance of his job to "spy" on Thompson, appellant rented a room adjoining the one occupied by him. Appellant placed a "bug" in Thompson's room and connected it by wire with a receiver installed in the room appellant occupied; Thompson discovered the "bug" and contacted the Santa Ana police.

The officers made an investigation and found the "bug" in Thompson's room. They then knocked on the door of the room occupied by appellant. He invited them to enter, and upon doing so the officers discovered a receiver to which the "bug" was attached by wire. They placed appellant under arrest charging a violation of California Penal Code sec. 653h.

Appellant was then asked if he had a car. He replied in the affirmative. He was then asked by the officers if they could search it. He replied that they could do so provided he was present. The officers, accompanied by appellant, proceeded to the car. The car door was unlocked by the appellant. A search was made and two tape recordings of telephone conversations were found, and also handwritten and typewritten transcriptions of one of the conversations. The recordings and transcriptions were later turned over to Federal officers who instituted proceedings charging appellant with a violation of section 605, Title 47, United States Code, "unauthorized publication or use of communications".

A four count indictment was returned against him. He was tried before the court sitting without a jury and found guilty on counts one and four.

Appellant asserts on appeal that the search of the car and the seizure of the tape and transcriptions was illegal. A timely motion to suppress was made and denied. The officers, testifying as government witnesses, declared that appellant gave his consent to the search. Appellant testified that he did not.

It is implicit in its judgment of conviction that the trial court, as trier of the fact, credited the testimony of the officers. This leaves for consideration the question of whether the consent was valid. This court, sitting en banc, in the case of United States v. Page, 302 F.2d 81 (9th Cir. 1962), has set up certain bench marks which outline the area in which the facts must place a claimed consent in order to sustain a "valid search".

■ First; whether such consent has been given is in the first instance a question of fact for the trial court. In this case the trial court has said that it was. Second; the credited facts must establish that there was no duress or coercion either express or implied. There is a conflict as to whether there was coercion. The testimony of government witnesses was credited. Appellant's was not. Third; in our opinion the consent was unequivocal and specific, and freely and intelligently given. The evidence of the officers was clear and positive. Hence the government has shown by credited testimony that there was no coercion in fact. True, the "badge" was present, but the fear which may be implanted by sight of the "badge" is relative. The amount of intimidation or fear of the badge in a person with little knowledge of police officers or of legal proceedings would be much more acute and motivating than that of a man with thirteen years of experience as an officer and investigator. It may be reasonably assumed that he was aware of all the consequences. Appellant rests his case on his assertion that he did not freely consent. The trial court did not believe him. There is abundant evidence to support that determination, hence it is not clearly erroneous.

■ The sufficiency of the evidence is challenged, but we conclude that the picture presented leads a reasonable mind to the inevitable conclusion that appellant tapped the telephone wire, listened to a conversation carried thereon, and divulged the contents.

We learn from the evidence that a corporation is apprehensive that one of its former employees who has taken employment with a competitor will divulge to said competitor some of the secret formulas which the former employer used in its business. It decides to check on former employee Thompson and employs appellant to do so.

Pursuant to his employment appellant rents a room adjoining the one occupied by Thompson. He registers under an assumed name; plants a "bug" in Thompson's room; connects it up by wire with a recorder in his room; and on one oc-

casion invites one of his visitors to play part of a taped telephone conversation to to which Thompson was a party, his participation being from his room. Appellant also caused an employee of his to travel to Winona, Minnesota, for the purpose of tapping a telephone there in order to listen to any conversations which might come to or from Thompson's home. Appellant possessed taped telephone conversations carried on between Thompson and others, and handwritten and typewritten transcriptions of the conversations made by appellant's wife under his directions.

Appellant testified that the tapes found in his possession were sent to him by someone unknown in a plain wrapper with no markings thereon other than the address. This seems absurd and is totally unworthy of belief.

Affirmed.