285 P.2d 793

E. B. SWOPE, Warden of the Penitentiary of the State of New Mexico, Plaintiff-in-Error,

v.

Arthur M. COOKSIE, Defendant-in-Error.
No. 5959.

Supreme Court of New Mexico.
July 6, 1955.

Richard H. Robinson, Atty. Gen., Santiago E. Campos, Jack A. Smith, Walter R. Kegel, Asst. Attys. Gen., for plaintiff in error.

Frederick G. Von Huben, Santa Fe, for defendant in error.

McCULLOH, District Judge.

The Defendant-in-Error, hereafter called the Petitioner, was sentenced to serve a term in the State Penitentiary for a period of three to five years on a conviction of grand larceny, on April 12, 1951, in the District Court of Dona Ana County. Thereafter, on February 9, 1953, he was conditionally released on parole. On August 4, 1953 he was convicted of the commission of a second crime, breaking and entering in the night time, in the District Court of Santa Fe County. The Court imposed a sentence for the second crime of not less than three years or not more than three years, and in the sentence specifically stated that the same was to start on the 22nd day of March, 1953, presumably the date on which the second crime was committed, and the petitioner was confined in the County Jail. According to the computation by the penitentiary authorities petitioner would have finished serving his sentence on the first conviction June 5, 1954, and if the sentence on the second conviction validly began on the 22nd day of March, 1953, the last portion of the first sentence and the first portion of the second sentence would have been served concurrently and the petitioner would have been subject to release on February 4, 1955, in that event.

On the 3rd day of May, 1955, the petitioner obtained a Writ of Habeas Corpus in the District Court of the First Judicial District within and for the County of Santa Fe, and upon a hearing thereof the District Court ordered the Writ made permanent. It is from this judgment that a Writ-of-Error was brought in this Court to determine the correctness of the District Court's judgment.

The portion of the pertinent section 41–17–9, New Mexico Statutes Annotated, 1953, is as follows:

"And any prisoner at large upon parole or conditional release who shall commit a fresh crime, and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first is served or annulled; said second sentence to commence from the termination of his liability upon the first or former sentence."

The District Court construed this language to be directory rather than mandatory and based upon such construction of the Statute ordered the Writ made permanent and the prisoner released. In this construction the District Court was in error.

In construing a statute having substantially identical language in Ex parte Ulrich,

1939, 136 Neb. 684, 287 N.W. 81, 84, the Nebraska Court used this language:

"It is clearly provided in sec. 29–2628, Comp.St.1929, that when a prisoner out on parole shall commit a fresh crime, and be sentenced anew to the penitentiary, he shall be subject to serve the second sentence after the first sentence is served or annulled, and said second sentence is to commence upon the termination of his liability upon the first or former sentence. *This section of the statute is mandatory, and governs the trial judge, the warden of the penitentiary, and all other officers.*" (Emphasis supplied.)

See also Commonwealth ex rel. Lerner **v.** Smith, 1943, 151 Pa.Super. 265, 30 A.2d 347 and Toliver v. State Board of Parole, 1945, 157 Pa.Super. 218, 42 A.2d 285.

■■■ In the absence of statute at common law two or more sentences are to be served concurrently unless otherwise ordered by the Court. 24 C.J.S., Criminal Law, § 1996(a), p. 1235. In Section 18, Chapter 232, Laws of 1955, the Legislature declared that such sentences shall be served concurrently unless otherwise ordered by the Court. It is apparent that under the 1955 Act the Legislature saw fit to return to the common law rule and recognized that Section 41–17–9, N.M.S.A.1953, had theretofore altered the common law rule.

■ Petitioner in point 2 of his brief questions the legality of the second sentence in which the maximum and minimum sentence were of the same duration. He thus asks this Court to overrule State v. Davisson, 28 N.M. 653, 217 P. 240, error dismissed, 267 U.S. 574, 45 S.Ct. 229, 69 L.Ed. 795. Since this matter was not raised in the lower Court the same will not be passed upon here.

■ Petitioner also in his argument requested this Court to consider his second point in the brief in effect as being an application for original Writ of Habeas Corpus in this Court in order that the question of the validity of the second sentence may be passed upon with the idea of vacating the same and ordering its correction if found to be invalid. To do so would jeopardize the rights of the petitioner for the reason that if a new sentence were to be imposed the judge passing sentence would not be bound to recognize the time already served by the petitioner and could impose additional time which he would be required to serve.

For the reasons stated the judgment of the lower Court is reversed and the cause is remanded with directions to discharge the Writ of Habeas Corpus.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.