407 P.2d 671

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**John R. CROUCH, Defendant-Appellant.**

**No. 7867.**

Supreme Court of New Mexico.

Nov. 8, 1965.

Rehearing Denied Nov. 30, 1965.

Bean & Snead, Roswell, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Carl P. Dunifon, Asst. Attys. Gen., Santa Fe, for appellee.

CHAVEZ, Justice.

Defendant John R. Crouch appeals from a judgment entered pursuant to a jury verdict finding him guilty of three counts of forgery. The trial court sentenced defendant on each of the three counts and ordered that the sentences run consecutively.

Two confessed accomplices, Ellsworth T. Tope and Paul (Buddy) Dickman, testified on behalf of the State and it is admitted that the testimony of Dickman in general corroborated the testimony of Tope.

The witness Tope testified that he, the defendant and Dickman had been employed by Freezer Sales Company in Roswell; that on August 30, 1963, the defendant and Tope drove from El Paso to Roswell; that right after midnight the defendant entered the offices of Freezer Sales Company and took a checkbook and check protector from the company's office while he stood guard; that on August 31, 1963, he, the defendant and Dickman came to Roswell together, stopped near Roswell and defendant, using the check protector and checks of Freezer Sales Company, wrote out three checks made payable to the defendant, Tope and Dickman.

Both Tope and Dickman testified that the three of them then went to the C. R. Anthony Store in Roswell and each cashed the check with his name shown as payee. They then drove outside of town where the defendant wrote out other "protected" checks. Accomplice Tope cashed another check at a Safeway Store in Roswell and accomplice Dickman and the defendant did likewise shortly thereafter. The accomplices further testified that Tope cashed another of the checks at the Furr's Store on Saturday, August 31, 1963, and Dickman and the defendant each cashed a check at the H & J Farmer's Market. All three then returned to El Paso, Texas.

The manager of the Safeway Store testified that he was acquainted with the defendant and that he approved the cashing of the forged check for him on August 31, 1963. He said that all three had come to his office to have the checks approved. Tope denied that he had seen the manager of the Safeway Store when he cashed a check there, claiming to have cashed it at the counter.

An employee of the H & J Farmer's Market testified that he had cashed the forged check for the defendant but was uncertain of the date. Another employee was unable to set the exact date that the check had been received.

The wife of the defendant testified that she, the defendant and their children left

El Paso, Texas, around August 23rd and went to San Antonio, and that the defendant was in San Antonio, Texas, on August 29, 30 and 31, 1963. This was in conflict with accomplice Dickman's testimony that he had seen her at defendant's house on Friday, August 30th.

Defendant's mother testified to defendant's presence in her home in San Antonio, Texas, the latter part of August, 1963, but she could not remember the day or the dates. She said that she gave the defendant some personal property of hers so that he could sell it and raise money.

The defendant testified that he left El Paso on August 23rd and did not return to Roswell until the officers brought him back on the charge. He denied any participation in the crime. He produced documents showing his presence in San Antonio on August 28 and 29, 1963, but did not show any for the day of the crime. Attacking the credibility of defendant, the State elicited admission of convictions of previous crimes.

Mrs. Paul M. Dickman, mother of Paul (Buddy) Dickman, testified that the defendant had stayed in her home in Roswell, New Mexico, on the night of August 29, 1963.

Defendant-appellant's first contention is that the evidence is not sufficient to sustain the conviction. In substantiation of this contention he calls the court's attention to several discrepancies in the testimony of the witnesses.

The first discrepancy is that the manager of the Safeway Store said that all three men had come to his office to get their checks approved for cashing. Accomplice Tope testified that he had cashed his check at the counter and had not seen the manager. Defendant claims this shows that the manager may have had the wrong check-cashing transaction in mind when he testified. However, other testimony of the store manager indicates that he had the proper check and occurrence in mind when he testified. In addition, it is clear that the manager did approve the forged check; that it was the defendant who cashed the check; and that the defendant had done the forging.

Defendant points out that the clerk at the H & J Farmer's Market made his identification of the defendant from a picture shown to him long after the commission of the crime, and that he could not recall the date he received the check. The fact that the witness marked the forged check for cashing, and identified the defendant as the one who presented the check, is clear from his testimony.

Another discrepancy is claimed because Dickman said that the defendant and Tope stayed at his home on the night of August 29th. Tope testified that he had not seen the defendant between the 19th and 30th of the month.

Lastly, defendant shows that Dickman testified he saw defendant's wife in El Paso on August 29th, but did not note that she was pregnant.

It is clear that on appeal of a criminal case we only examine the evidence to determine whether the verdict is supported by substantial evidence. State v. Fields, 74 N.M. 559, 395 P.2d 908, and we will not disturb the verdict, even if this court might have found differently if it were the trier of facts, State v. Martin, 53 N.M. 413, 209 P.2d 525. In addition, we view the testimony as a whole in the light most favorable to the State, resolving conflicts and indulging all permissible inferences in favor of the verdict. State v. Martinez, 53 N.M. 432, 210 P.2d 620; State v. Romero, 67 N.M. 82, 352 P.2d 781.

We feel that the matters brought to our attention by the defendant affect the credibility of parts of the testimony of certain witnesses, but we do not feel that the discrepancies are of a nature which would tend to discredit the remainder of the testimony of those witnesses. We believe that there is sufficient corroborated and uncontradicted testimony by the two accomplices, three store employees and another person to substantiate the verdict.

The second contention of defendant is that the trial court did not have the power to direct that the sentences were to run consecutively. He claims that, while the Criminal Code provides that a person must be sentenced in accordance with the Code, there is no provision concerning consecutive and concurrent sentencing except in particular situations, none of which are applicable here.

The Criminal Code has made direct provision for situations of this nature. Section 40A–1–3, N.M.S.A., 1953 Comp., provides:

"In criminal cases where no provision of this code is applicable, the common law, as recognized by the United States and the several states of the Union, shall govern."

We indicated in Swope v. Cooksie, 59 N.M. 429, 285 P.2d 793, that the common law gave trial courts the discretion to make sentences consecutive or concurrent. That rule is applicable here and the trial court did not err in imposing consecutive sentences.

The verdict, judgment and sentence of the trial court is affirmed. It is so ordered.

MOISE and COMPTON, JJ., concur.