421 P.2d 767

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**John Fredrick HERRING, Defendant-Appellant.**

**No. 7977.**

Supreme Court of New Mexico.

Dec. 27, 1966.

Harry L. Patton, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

PER CURIAM.

Upon consideration of the motion for rehearing, the original opinion heretofore filed is withdrawn and the following substituted therefor.

## OPINION

CHAVEZ, Justice.

Appellant was convicted by a jury of unauthorized entry in violation of § 40A–16–3, N.M.S.A., 1953 Comp., and judgment and sentence were entered accordingly.

In the early morning of April 14, 1965, a Clovis police officer observed a 1956 Ford automobile which, upon pursuit by the police car, drove to the outskirts of the city at a high rate of speed, soon reaching a dirt road. The police officer stopped his pursuit when he saw some loose papers flying through the air and a safe rolling along the side of the road.

Subsequent investigation disclosed that the Trails Restaurant in Clovis had been

burglarized during the night and the safe in said restaurant had been removed from the premises.

As a result of certain information, a Clovis police detective, on the morning after the crime had been committed, went to the place where appellant was employed and told him that he was investigating the burglary. Immediately thereafter he arrested appellant. Neither appellant's car or person were searched at the time of the arrest. After appellant was arrested, he drove his car to the police station, accompanied by the police detective. The detective testified that he then asked appellant for permission to search his car, and appellant gave such consent.

As a result of the search of appellant's car, the police seized some white substance from the back floorboard of the car, a small metal fragment, the armrest from a rear door of the car, and a package of gloves were removed from the front seat of the car. Appellant's socks were removed from his person later in the morning.

After examination at the trial, the expert witness, an F.B.I. agent, testified that certain particles of material found in appellant's socks and in the gloves taken from his car could have come from the insulation contained in the safe. The same conclusion was reached as to the particles taken from the back of appellant's car. The government agent also identified a piece of plastic found on the road, and he was of the opinion that it came from the armrest taken from appellant's car. The paint specimen taken from the stolen safe was identified as being of the same type of paint as that found on the piece of metal removed from appellant's automobile. All of these items were introduced and received in evidence.

Appellant contends that, when the trial court admitted the seized items, it impliedly ruled that they were the result of a lawful search incident to arrest, or that appellant consented to the search; and that such implied rulings were in error. The parties agree that evidence obtained in the course of an illegal search are not admissible against the defendant in a state prosecution. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; State v. Lucero, 70 N.M. 268, 372 P.2d 837. Appellant timely objected to admission of the items at the trial.

Appellant's next contention is that in order for a search and seizure of evidence to be proper as incident to a lawful arrest, it is necessary for the search and seizure to take place reasonably near to the scene of the arrest, and reasonably proximate to the time of the arrest.

When a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons, or for the fruits of or implements used to commit the crime. Weeks v. United

States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652. In Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231, the court held that reasonable searches incident to arrest were constitutionally allowable. In Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, the court said:

" * * * This right to search and seize without a search warrant extends to things under the accused's immediate control, * * * and, to an extent depending upon the circumstances of the case, to the place where he is arrested, * * * The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. * * * "

Thus the question is: Was the search of appellant's car unreasonable? Appellant was arrested outside of the place where he was employed. Appellant, accompanied by the police detective, drove his car to the police station. The police detective testified that he asked appellant for his consent to search the car and that appellant gave such permission. The car was then searched.

Appellant contends that, if the trial court admitted the evidence seized from his car on the basis that he consented to the search, it erred in doing so.

■■ It is clear that consent can validate an unlawful search. Zap v. United States, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477. But the waiver of a basic constitutional right will not be presumed. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ Valid consent to search must be voluntary and with no duress or coercion, actual or implied. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Amos v. United States, 255 U.S. 313, 41. S.Ct. 266, 65 L.Ed. 654. The burden. of proving voluntariness is on the state, McDonald v. United States, (10th Cir. 1962), 307 F.2d 272, and that burden is particularly heavy when the accused is under arrest. Judd v. United States, (1951), 89 U.S.App. D.C. 64, 190 F.2d 649; State v. De Koenigswarter, 4 Storey 388, 54 Del. 388, 177 A.2d 344; People v. Kaigler, 368 Mich. 281, 118 N.W.2d 406. Although the fact that consent is given while in custody or under arrest is clearly a factor to consider, we do not believe that such a situation makes voluntary consent impossible. Tatum v. United States, (9th Cir. 1963), 321 F.2d 219; Rinehart v. State, (Fla.App.1959), 114

So.2d 487; Feather v. State, 169 Tex.Cr.R. 334, 333 S.W.2d 851; McNear v. Rhay, 65 Wash.2d 530, 398 P.2d 732.

■ Lastly, appellant contends that even if the searches were lawful, the seizures were not because of the nature of the items seized. This contention involves application of the "mere evidence rule" set out in Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647. In Gouled the court stated that the Fourth and Fifth Amendments of the United States Constitution independently restrict seizures to certain types of property. Since both of those amendments are now applicable to the states, Mapp v. Ohio, supra; Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, the rule in Gouled v. United States, supra, is controlling in state prosecutions.

Perhaps the clearest statement of the rule appears in Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399:

" * * * This Court has frequently recognized the distinction between merely evidentiary materials, on the one hand, which may not be seized either under the authority of a search warrant or during the course of a search incident to arrest; and on the other hand, those objects which may validly be seized including the instrumentalities and means by which a crime is committed, the fruits of crime such as stolen property, weapons by which the escape of the person arrested might be effected, and property the possession of which is a crime. * * * "

The current vitality of the rule is indicated by the following quotation from Preston v. United States, supra:

" * * * Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. * * * as well as by the need to prevent the destruction of evidence of the crime * * *."

This quotation also indicates that the rule is applicable to searches incident to arrest, as well as to those conducted under a search warrant. United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877.

The problem of determining what are instrumentalities of a crime and what is merely evidence of the crime has been the subject of several United States Supreme Court decisions. None of them consider items closely related to those seized in the case before us. Many of them concern business records or papers. A recent case held that an alleged coded message, a forged birth certificate, a vaccination certificate issued in the name of the forged birth certificate, the birth certificate of a deceased person, a bank book in the deceased person's name, a hollowed-out pencil, and

a "cipher pad" were all instruments of the crime of espionage. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668.

In Arwine v. Bannan, (6th Cir. 1965), 346 F.2d 458, the movements of Arwine and a codefendant Thibodeau were traced by the police while they repeatedly drove through certain business streets on a Sunday night. At about 9:55 p. m. they parked their Mercury car and left the vehicle. About 10:00 p. m. an explosion was heard in the vicinity of an alley where Arwine and Thibodeau had been seen. Two police officers secreted themselves near the Mercury automobile. At 10:25 p. m. Arwine walked out of the darkness between two houses and entered the Mercury. The officers then came out from where they had been concealed and arrested Arwine. At 1:45 a. m., since Thibodeau had not returned to the car, the officers took Arwine and the Mercury automobile to the police headquarters garage. When they arrived at the garage, the officers had Arwine get out of the car and, in his presence, searched the car and found a loaded 32-caliber Colt automatic pistol, a short-handled sledge hammer, a two-foot crowbar, a center punch, a wide cold chisel, all burglar tools, and a pair of gray gloves. Arwine claimed that he was arrested without a warrant and without reasonable cause to believe that he had committed or was committing a felony; that the search of the car was unlawful because of his unlawful arrest; that, even if his arrest had been lawful, the search was unlawful because it was made at a time and place remote from the time and place of arrest. The court held that there was probable cause to believe that Arwine had committed a felony, and that the arrest was legal and not in violation of the Fourth Amendment. Arwine also claimed that the search was unreasonable and unlawful, relying upon Preston v. United States, supra. The court, in an exhaustive review of Preston, held that the search of the Mercury that Arwine was using was not unreasonable and that the evidence obtained as the result of the search was admissible in evidence. The court pointed out that:

> "The distinction between the search in the Preston case and in the instant case is between a search in the absence of the defendant, made after the arresting police officers have turned over possession of the car to others, and a search in the presence of defendant where the arresting police officers have retained continued possession of the car from the time of the arrest to the time of the search."

Price v. United States, (1965), 121 U.S. App.D.C. 62, 348 F.2d 68, was a case wherein a dry cleaning store was broken into about 9:30 p. m. A safe and its contents were found missing. When officers arrived upon the scene they were told that,

among the contents of the safe, there were two rolls of quarters bound with a rubber band and an envelope with the owner's writing on it containing some $500 in bills. An eyewitness testified he saw three men, whom he described in a general way, commit the crime, and that they placed the safe in a black 1955 or 1956 Ford with orange license plates and drove off in the car. Such a car was spotted about two hours later by officers who saw in the car a crowbar and other tools, as well as two rolls of quarters and a bag or envelope later found to contain brass fittings and identified as also having been in the stolen safe. After a few minutes defendant approached the car and got inside, whereupon the officers came up, checked his identification, questioned him about the tools and arrested him. Defendant was taken in a squad car to a precinct station and a police officer drove defendant's car to the parking lot at the station. At a hearing on defendant's motion to suppress the evidence, the tools, rolls of quarters, brass fittings and envelope were admitted in evidence. It was contended that the evidence was obtained by an unlawful search and seizure and that its admission was reversible error. The court also discussed Preston v. United States, supra, and held that the seizure of the evidence was incidental to the original arrest and not obscured by the failure of the officers to take the articles from the car at the time of the arrest, instead of waiting until the car in which they visibly reposed reached the station, and that the search and seizure were not unreasonable.

■ As a final contention, appellant asserts that the removal and confiscation of his socks constituted an illegal search and seizure and that the evidence procured thereby could not be used against him. Although Morrison v. United States, (1958), 104 U.S.App.D.C. 352, 262 F.2d 449, would seem to support his position, the later case of Robinson v. United States, (1960), 109 U.S.App.D.C. 22, 283 F.2d 508, cert. denied, 364 U.S. 919, 81 S.Ct. 282, 5 L.Ed.2d 259, in our view, supports the position of the State. In Robinson, the defendants challenged as illegal their arrest and the search and seizure which followed. They complained that their clothing was removed at police headquarters, shortly after their arrest, and was subjected to tests by the F.B.I. The tests revealed paint chips and other debris corresponding to like materials found at the scene of the burglary and where a safe, stolen from the pharmacy, had been opened. The court held that the procedure was proper and the judgment of conviction was affirmed. See also, Charles v. United States, (9th Cir. 1960), 278 F.2d 386; State v. Mark, 46 N.J. 262, 216 A.2d 377; People v. Shaw, 237 Cal.App.2d 606, 47 Cal.Rptr. 96. Compare, Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. The contention of appellant is held to be without merit.

In accordance with the foregoing, the judgment of the district court is affirmed.

It is so ordered.

CARMODY, C. J., and MOISE, J., concur.