444 P.2d 995

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lucious UPSHAW, Defendant-Appellant.**

**No. 174.**

Court of Appeals of New Mexico.

Aug. 23, 1968.

Robert A. Johnson, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Judge.

Convicted of three forgeries, defendant was given three sentences to run concurrently. The commitment to the penitentiary states that these sentences were to begin June 3, 1964. Because the beginning date of these sentences was postponed until the completion of a prior sentence, defendant moved for post-conviction relief under § 21–1–1(93) N.M.S.A.1953. By his motion he sought credit on these sentences for time served in the penitentiary, beginning June 3, 1964. The motion was denied without a hearing; defendant appeals.

The three forgeries were committed while defendant was on parole under a prior sentence. Section 40A–29–10, N.M.S.A.1953 provides that a person convicted and sentenced for a crime committed while at large under parole:

"* * * shall serve such sentence consecutive to the term under which he was released, unless otherwise ordered by the court in sentencing for the new crime."

Defendant contends that the stated beginning date of the sentences for the forgeries was, in effect, an order that the new sentences begin on June 3, 1964, and, from that date, that the new sentences run concurrently with the prior sentence. This is incorrect.

Although the beginning date of the new sentences was stated in the commitment, that beginning date was postponed by § 40A–29–10, supra, "unless otherwise ordered." The trial court did not order otherwise; further, the record shows that the court did not intend the sentences for the three forgeries to run concurrently with any other sentence imposed upon defendant. Thus, under § 40A–29–10, supra,

the new sentences were to be served consecutive to the prior sentence; the new sentences began upon completion of the prior sentence. Defendant was not entitled to have the new sentences begin on June 3, 1964. Compare Swope v. Cooksie, 59 N.M. 429, 285 P.2d 793 (1955).

The order denying relief is affirmed. It is so ordered.

OMAN and ARMIJO, JJ., concur.