449 P.2d 781

STATE of New Mexico, Plaintiff-Appellee,

v.

Manuel VERDUGO, Defendant-Appellant.

No. 8635.

Supreme Court of New Mexico.

Jan. 27, 1969.

Privette & Privette, Las Cruces, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

MOISE, Justice.

This is an appeal from a sentence entered in the court below following remand from this court in connection with an appeal of sentences entered without appellant being present. State v. Verdugo, 78 N.M. 372, 431 P.2d 750 (1967).

In that case, pursuant to the opinion of this court that appellant could not be resentenced in absentia upon the vacating of a previous sentence, the mandate directed that the cause be remanded for a new sentence.

Appellant had been charged originally by information filed in two separate cases, one being numbered 11360 and the other 11382. One order was entered imposing sentences on pleas of guilty to both charges and directing that the sentence for each be served concurrently with the other.

Upon remand, following the decision in State v. Verdugo, supra, appellant was re-sentenced. One sentence was again imposed, but it now directed that the terms in the two cases be served consecutively, with credit to be given on each for time previously served.

Appellant complains that he has never attacked the sentence imposed in cause No. 11382, which provides that it shall be served concurrently with the sentence in 11360, and that under the holding of this court in State v. Baros, 78 N.M. 623, 435 P.2d 1005 (1968), the trial court had no power to alter the sentence imposed in cause No. 11382. The pertinent language from that case reads:

"There is considerable authority to the effect that a trial court is without power to set aside a valid sentence after the defendant has been committed thereunder, and impose a new or different sentence increasing the punishment. A judgment which attempts to do so is void * * *. (Citations omitted)"

Appellee concedes that the sentence in cause No. 11382 was valid, that appellant had started to serve it, and that any effort by the court to alter or modify it would be void. It argues that the question of whether service is to be consecutive or concurrent lies in the sound discretion of the trial judge, and that here there has been no abuse of discretion. Without considering if this is the correct analysis of the power of a sentencing court (see § 42–1–59, N.M.S.A.1953), in our view it is an over-simplification of the problem presented by this appeal. The real issue is whether the sentence in cause No. 11382 which appellant had begun to serve could be changed so as to make the service consecutive to that required to be served under the sentence in cause No. 11360. We think the question must be answered in the negative.

In United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), the court held that during the term during which a sentence was imposed, it could be amended so as to shorten it, but not so that the punishment would be augmented. Also see Ex parte Strader, 37 Okl.Cr. 285, 257 P. 1112 (1927); Powell v. State, 124 Tex. Cr.R. 513, 63 S.W.2d 712 (1933); Annot., 168 A.L.R. 706, 712, 716. Once appellant had commenced service of the validly imposed sentence in cause No. 11382, the trial court had no further power to amend the order to make the term more onerous. State v. Baros, supra. United States v. Bozza, 155 F.2d 592 (3rd Cir. 1946); Rutledge v. United States, 146 F.2d 199 (5th Cir. 1944).

We are not impressed that because the sentence in cause No. 11360 was void, and resentencing to a proper term under the law required, the appellant must be released from that charge. He was only entitled to be relieved of excessive periods or conditions of confinement. See State v. Zarzana, 78 N.M. 159, 429 P.2d 357 (1967); Sneed v. Cox, 74 N.M. 659, 397 P.2d 308 (1964). That in resentencing it could have been provided that the term should be served after completion of the term in cause No. 11382 we do not doubt, if it were not necessary in order to accomplish this end to also amend the sentence in cause No. 11382. This the court could not do, and accordingly fell into error in providing for consecutive sentences.

Neither is there any merit in appellant's argument that he was deprived of his rights by virtue of the fact he was sentenced to and is serving a sentence for conspiracy, whereas his alleged co-conspirator was discharged. Certainly it takes two or more to effect a conspiracy, State v. Deaton, 74 N.M. 87, 390 P.2d 966 (1964), but conviction of all conspirators, or even more than one, is not required. Ordinarily, the entry of a nolle prosequi as to other alleged conspirators does not vitiate the conviction of a remaining defendant charged with conspiracy with them. See Annot., 91 A.L.R.2d 700, 711; 72 A.L.R. 1180, 1187.

The cause is reversed and remanded with instructions to reinstate the original sentence in cause No. 11382, to set aside the sentence here appealed from in cause No. 11360, and resentence defendant to serve the sentences imposed in the two actions concurrently.

It is so ordered.

NOBLE, C. J., and CARMODY, J., concur.