462 P.2d 468

**John Fredrick HERRING, Petitioner-Appellant,**

v.

**STATE of New Mexico, Respondent-Appellee.**

**No. 397.**

Court of Appeals of New Mexico.

Nov. 21, 1969.

Leslie A. Williams, Clovis, for petitioner-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Mark B. Thompson III, Asst. Atty. Gen., for respondent-appellee.

## OPINION

WOOD, Judge.

Petitioner appeals the trial court's denial of four claims for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp. 1969). No issue is presented concerning that portion of the trial court's order directing that petitioner be given credit on his sentence for 43 days served in the Curry County jail.

The four claims, and our answers, are:

(a) Petitioner was convicted on evidence obtained as a result of an illegal search and seizure. This point was expressly decided against petitioner in his direct appeal. State v. Herring, 77 N.M. 232, 421 P.2d 767 (1966), cert. denied 388 U.S. 923, 87 S.Ct. 2126, 18 L.Ed.2d 1372 (1967). Issues raised and decided in a prior appeal may not be relitigated in post-conviction proceedings. State v. McAfee (Ct.App.), 80 N.M. 739, 460 P.2d 1023, decided October 31, 1969.

(b) Petitioner was unlawfully arrested. In disposing of this claim we assume this point was not decided in petitioner's direct appeal. However, the record in the prior appeal, State v. Herring,

supra, shows that defendant went to trial upon his plea of not guilty. Thus, he waived the claim of illegal arrest. State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967). Further, a claim of illegal arrest, in itself, is not a basis for post-conviction relief. State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967); State v. Ramirez, supra; State v. Hansen, 79 N.M. 203, 441 P.2d 500 (Ct.App. 1968).

■ (c) Petitioner was convicted on the basis of circumstantial evidence. This, in effect, is a claim that the evidence was insufficient to sustain his conviction. Compare State v. Hinojos, 78 N.M. 32, 427 P.2d 683 (Ct.App.1967). Insufficiency of the evidence is not a basis for granting post-conviction relief. Nance v. State, 80 N.M. 123, 452 P.2d 192 (Ct.App.1969); State v. Gonzales, 79 N.M. 414, 444 P.2d 599 (Ct.App.1968); State v. Sedillo, 79 N.M. 254, 442 P.2d 212 (Ct.App.1968).

(d) Defendant's sentence was concurrent with and not consecutive to a prior sentence. The fact situation is similar to that in State v. Upshaw, 79 N.M. 484, 444 P.2d 995 (Ct.App.1968). There, as here, the commitment to the penitentiary states that the sentence·is to begin as of a fixed date. There, as here, the crime for which defendant was sentenced was committed while defendant was on parole under a prior sentence. There, as here, § 40A–29–10, N.M.S.A.1953 (Repl.Vol. 6) is applicable. That section states that a person convicted and sentenced for a crime committed while on parole " * * * shall serve such sentence consecutive to the term under which he was released, unless otherwise order-ed by the court in sentencing for the new crime." There, as here, defendant contended that the stated beginning date for the new sentence was, in effect, an order that the new sentence begin on the date named in the commitment and that from that date, the new sentence would run concurrently with the prior sentence.

We rejected that contention in State v. Upshaw, supra. We reject it here. Unless the court orders otherwise, § 40A–29–10, supra, postpones the stated beginning date of the new sentence until the prior sentence is completed. The trial court did not order otherwise.

■ Defendant would distinguish State v. Upshaw, supra, because in that case the record showed the trial court did not intend the new sentence to run concurrently with the prior sentence. Defendant asserts " * * * the evidence presented in the Rule 93 hearing * * * indicates that the Court may have intended the sentences to run concurrently. * * * " Having reviewed that evidence, we disagree. There is no evidence that in imposing the new sentence, the trial court intended it to be either consecutive to or concurrent with the prior sentence. There is no basis for distinguishing Upshaw, supra, or avoiding its applicability. The trial court did state a beginning date for the new sentence but § 40A–29–10, supra, postponed that beginning date until the prior sentence was completed.

The trial court's order is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.