503 P.2d 1183

Donald A. DEATS, Appellant,

v.

STATE of New Mexico, Appellee.

No. 970.

Court of Appeals of New Mexico.

Nov. 10, 1972.

Richard H. Miller, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

WOOD, Chief Judge.

Deats petitioned for a writ of mandamus ordering penitentiary officials to correct his commitments to conform to the law. See Conston v. New Mexico St. Bd. of Probation & Parole, 79 N.M. 385, 444 P.2d 296 (1968). The parties stipulated to the facts. The trial court ruled contrary to Deats' contentions; he appeals. There are two issues: (1) the authority of a trial court to impose consecutive sentences and (2) the meaning of § 42–1–59, N.M.S.A. 1953 (2nd Repl.Vol. 6). Both issues are directed to Deats' eligibility for parole. See § 41–17–24, N.M.S.A.1953 (2nd Repl. Vol. 6).

In 1967, Deats was convicted of aggravated burglary and grand larceny. He was sentenced for a term of not less than ten nor more than fifty years on the first count, and for a term of not less than one nor more than five years on the second count. These sentences were to run concurrently.

In 1969, Deats was convicted of eight counts involving conspiracy, burglary and larceny. He was sentenced for a term of not less than one nor more than five years on each count. These 1969 sentences were " * * * to begin and run consecutively * * * these sentences to begin when the defendant has served any other sentence which has been previously imposed and for which he has served or must serve time."

*Authority to impose consecutive sentences.*

Deats claims the trial court had no authority to impose consecutive sentences in 1969; rather, that the 1967 and 1969 sentences must be considered as one continuous sentence. He relies on Swope v. Cooksie, 59 N.M. 429, 285 P.2d 793 (1955) and § 40A–29–10, N.M.S.A.1953 (2nd Repl.Vol. 6).

Swope v. Cooksie, supra, states: "In the absence of statute at common law two or more sentences are to be served concurrently unless otherwise ordered by the Court. * * *" Section 40A–29–10, supra, provides that a person convicted of committing a crime while at large under suspended sentence, parole or probation shall serve his sentence for the new crime consecutive to the sentence for the first crime, unless otherwise ordered by the court. See State v. Upshaw, 79 N.M. 484,

444 P.2d 995 (Ct.App.1968). Deats asserts that § 40A–29–10, supra, alters the common law rule because it expressly provides for consecutive sentences and, therefore, there no longer is any authority for consecutive sentences except in situations covered by § 40A–29–10, supra. We disagree.

Having adopted the rule of common law, § 21-3-3, N.M.S.A.1953 (Repl. Vol. 4), that rule remains in effect until changed by the Legislature. Southern Union Gas Company v. City of Artesia, 81 N.M. 654, 472 P.2d 368 (1970). The change on which Deats relies, § 40A–29–10, supra, alters the common law rule only as to crimes committed while at large under a sentence for a prior crime. The common law rule is applicable here. The 1969 sentences were expressly made consecutive to the 1967 sentences, and the eight sentences in 1969 were also expressly made consecutive. These nine consecutive sentences were validly imposed. Compare State v. Verdugo, 79 N.M. 765, 449 P.2d 781 (1969).

*Meaning of § 42–1–59, supra.*

This section reads:

"Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of all the sentences combined."

Section 42–1–59, supra, was enacted as Laws 1889, ch. 76, § 49. We look to the 1889 law for the legislative intent. Section 13 of that law prohibited discharge of a convict until he remained in the penitentiary for the full term for which he was sentenced, but this requirement was not to deprive a convict of any reduction of time under § 47. Section 47 provided for a reduction of sentence through "good time." Section 48 pertained to loss of "good time." Section 49 is the present § 42–1–59, supra. Section 50 of the 1889 law applied the act to the commencement of the sentences of convicts then in prison. For present provisions see respectively §§ 42–1–58, 42–1–54 and 42–1–57, N.M.S.A.1953 (2nd Repl.Vol. 6).

The obvious intent of the sections of the 1889 law identified above was to provide for the reduction of a sentence because of "good time." In so providing, § 49, the present § 42–1–59, supra, stated that separate sentences were to be construed as one continuous sentence. However, the statute is not limited to "good time" situations; it is general in its effect and applies in considering eligibility for parole under § 41–17–24, supra. Thus, § 42–1–59, supra, applies to the eight consecutive sentences in 1969 and requires that they be considered as one continuous sentence of not less than eight nor more than forty years.

How does § 42–1–59, supra, apply to the separate sentences in 1967 and 1969? Penitentiary officials have considered that the 1967 sentences must be served before Deats begins serving under the 1969 sentences. The question is whether § 42–1–59, supra, requires the 1967 and 1969 sentences to be treated as one continuous sentence. If literally read, § 42–1–59, supra, seems to require this result; however, it cannot be given that effect for two reasons.

First, a combining of two separate commitments into one continuous sentence would have the effect of increasing the sentence under the first commitment after service under the first commitment had begun. Such a change would be void. State v. Verdugo, supra.

Second, combining sentences under two separate commitments into one continuous sentence would nullify the provisions of § 41–17–24.1, N.M.S.A.1953 (2nd Repl.Vol. 6) which authorizes a parole under one sentence " * * * to serve another sentence within the penitentiary. * * * " This parole provision, enacted in 1959, indicates a legislative intent that separate commitments are not to be treated as one continuous sentence.

Section 42–1–59, supra, means that separate sentences under one commitment are to be treated as one continuous sentence, but it does not mean that sentences under separate commitments are to be so treated. Unless paroled to serve another sentence, see § 41–17–24.1, supra, Deats must com-

plete service under the 1967 sentences before beginning to serve under the 1969 sentences.

The judgment dismissing the petition is affirmed.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

The time has come to alert trial judges and attorneys on important matters related to appeals from final judgments. The reason is that the law and procedural rules on appeal are often violated. Should we cure the errors made?

### (a) *After Appeal, the Trial Court Loses Jurisdiction to File an Amended Judgment.*

On February 15, 1972, the trial court entered final judgment that Deats' sentence in 1969 was valid.

On March 8, 1972, Deats, pro se, filed a notice of appeal from the final judgment.

On March 24, 1972, the trial court filed an amended judgment in which it "FURTHER ORDERED that the sentence of February 11, 1967 and the sentence of October 10, 1969 should not be construed as cumulative sentences."

Deats' notice of appeal took jurisdiction of the case away from the trial court except for purposes of perfecting the appeal. The trial court had no power to enter an amended judgment. State v. Maples, 82 N.M. 36, 474 P.2d 718 (Ct.App.1970).

Nevertheless, the amended judgment did not materially change the substance of the original judgment so that the time for review began to run from February 15, 1972. Rice v. Gonzales, 79 N.M. 377, 444 P.2d 288 (1968).

### (b) *Deats' Statement of Proceedings was Erroneous on Notice of Appeal.*

On April 8, 1972, Deats' trial attorney filed a notice of appeal from the original judgment of February 15, 1972. This, of course, was late and of no value. Section 21–2–1(5)(1), N.M.S.A.1953 (Repl.Vol. 4).

Deats' Statement of Proceedings merely said: "Notice of Appeal was entered April 5, 1972. (Tr. 19)" This was erroneous. Section 21–2–1(15)(16)(a) provides that the statement of proceedings *"shall* include a concise statement showing date notice of appeal was filed and the date on which time for appeal commenced to run under Rule 5." [Emphasis added]

The word "shall" is mandatory. Section 1–2–2(I), N.M.S.A.1953 (Repl.Vol. 1). If the Deats' Statement of Proceedings had said: "The time for appeal began to run February 15, 1972," the case should be dismissed sua sponte. Rice v. Gonzales, supra. However, we could overlook this obvious error by substituting Deats' notice of appeal of March 8, 1972.

Continuous errors of this kind is what aids in reducing the stature of judges and lawyers in the public eye.

### (c) *The Trial Court did not err in its Original Judgment.*

Consecutive v. concurrent criminal sentences is a novel question in New Mexico. No New Mexico statute has been enacted which changed the common law rule. The common law rule is stated in Swope v. Cooksie, 59 N.M. 429, 285 P.2d 793 (1955):

> In the absence of statute [,] at common law two or more sentences are to be served concurrently unless otherwise ordered by the Court.

The *Swope* opinion now appears in 24B C.J.S. Criminal Law § 1996(2) p. 662, Note 55. The trial court in the 1969 judgment stated, " 'these sentences to begin when the defendant has served any other sentences which has [sic] been previously imposed and for which he has served or must serve time.' " The trial court "otherwise" ordered consecutive sentences. This was within the discretion of the trial court. State v. Crouch, 75 N.M. 533, 407 P.2d 671 (1965). There was no abuse of discretion.