509 P.2d 1335

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jose Franco PADILLA, a/k/a Joe Franco, Defendant-Appellant.**

**No. 9601.**

Supreme Court of New Mexico.

May 11, 1973.

James E. Snipes, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Justice.

On about October 5, 1957, defendant kidnapped, had carnal knowledge of, and murdered a five year old child. He was first convicted of kidnapping, of having carnal knowledge of a child under the age of 10 years, and of first degree murder. On appeal to this Court, his convictions were reversed and the cause remanded for a new trial. State v. Padilla, 66 N.M. 289, 347 P.2d 312 (1959).

On retrial in April 1960, defendant was again convicted of kidnapping, of having carnal knowledge of a child under the age of 10 years, and of murder. He was sentenced to life imprisonment for the murder, to life imprisonment for the act of carnal knowledge and to not more than 20 years imprisonment for the kidnapping, with the three sentences to run consecutively. No appeal was taken from these convictions or sentences.

On June 6, 1966, defendant filed a motion to vacate judgment and sentences pursuant to Rule 93, Rules of Civil Procedure [§ 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4 1970)]. On July 5, 1967, defendant filed another motion to vacate judgment and sentences. These motions were denied without hearing by Order entered January 13, 1972. An appeal was taken from that Order. Before the appeal was fully perfected, another motion under Rule 93, supra, was filed on his behalf by his attorney. An Order without hearing was then entered denying this motion. An appeal was taken from this Order. The cause is now before us on these appeals. We affirm.

Defendant relies upon four points for reversal. The first is his claim that he was denied a fair and impartial trial by the State's use of his confession as evidence. Specifically, his complaint is that his confession, which was recorded on tapes and later reduced therefrom to typewritten form, was not voluntarily given in that he did not fully understand the terms being used by his interrogator, the district attorney, and he was harassed and coerced to such an extent that he was incapable of making a rational and effective choice as to whether or not he should waive his right to remain silent.

The admissibility of the confession was an issue considered and decided by this Court in State v. Padilla, supra. In our decision on that appeal we stated:

"As to the confession itself, we have many times considered the duty of the trial court with respect thereto, and the rule is well stated in State v. Lindemuth, 1952, 56 N.M. 257, 243 P.2d 325, 331, as follows:

'Whether or not confessions should go to the jury "is in the first instance a question of law for the determination of the court." (Citations).'

"The record at the trial is clear that the period of interrogation was not unduly

long, being only two and a half hours, during which time the defendant was given food and drink. There was no showing of any threat, promise or abuse in any sense or that the defendant did not understand English, and, although it is not contended that the defendant was 'any mental giant,' he was advised of his rights, and under our prior holdings we see no error on the part of the trial court in the admission of the confession in evidence."

■ The issue as to the admissibility of the confession having been heretofore decided, it may not be relitigated in these postconviction proceedings. Baca v. United States, 383 F.2d 154 (10th Cir. 1967); Miller v. State, 82 N.M. 68, 475 P.2d 462 (Ct.App.1970); Patterson v. State, 81 N. M. 210, 465 P.2d 93 (Ct.App.1970); Nance v. State, 80 N.M. 123, 452 P.2d 192 (Ct. App.1969); Roessler v. State, 79 N.M. 787, 450 P.2d 196 (Ct.App.1969), cert. denied, 395 U.S. 967, 89 S.Ct. 2115, 23 L.Ed.2d 754 (1969).

■ If defendant was trying in some way to bring himself within the rule announced in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A. L.R.3d 974 (1966), he has failed. This rule applies only to cases in which the trials began after June 13, 1966. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). For a recent discussion by the United States Supreme Court of the criteria held to be guiding in the resolution of the question as to whether new constitutional rules of criminal procedure announced by that Court are to be given retroactive or only prospective application, see Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972).

■ In his second point, defendant asserts he was denied his right to a speedy trial because of the failure of the trial court to rule until January 13, 1972 upon his motions filed May 27, 1966 and June 30, 1967. Just why the trial court failed to sooner rule on these motions is not made to appear by the record or the briefs. In any event, the constitutional right to a speedy trial is not applicable to post-conviction proceedings under Rule 93, supra, and defendant was not prejudiced by the delay. He had long since been convicted and was and still is serving his sentences in the New Mexico State Penitentiary, and, as above announced, we affirm the trial court's order denying the motions.

■ In his third point, defendant claims to have been denied his constitutional right to a fair and impartial trial because of adverse publicity in Lea County where he was tried. His convictions with which we are here concerned were entered upon his retrial, which took place about 2½ years after the commission of the offenses. The offenses were committed in Chaves County and venue was changed to Lea County upon stipulation. No efforts were made to change the venue from Lea County on the second trial, and it is admitted that defendant is unable to show prejudice by reason of adverse publicity in Lea County.

■ In his fourth point, defendant claims the imposition of the three sentences to run consecutively rather than concurrently constituted a denial of his constitutional rights against the infliction of cruel and unusual punishment as provided in the Eighth Amendment to the United States Constitution and in Art. II, § 13 of the Constitution of New Mexico. The provision in the Eighth Amendment to the Constitution of the United States is made applicable to states under the due process clause of the Fourteenth Amendment to the Constitution of the United States. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

■ At common law, two or more sentences are served concurrently unless otherwise ordered by the court. Swope v. Cooksie, 59 N.M. 429, 285 P.2d 793 (1955). In State v. Miller, 79 N.M. 392, 444 P.2d 577 (1968), cert. denied, Miller v. Baker, 394 U.S. 1002, 89 S.Ct. 1597, 22 L. Ed.2d 779 (1969), defendant was given two sentences for murder, and these sentences

were to run consecutively. In our opinion in that case, § 42-1-59, N.M.S.A.1953 (2d Repl.Vol. 6, 1972) was construed as converting the two consecutive sentences into "one continuous sentence." This section of our statutes provides:

"Whenever any convict shall have been committed under several convictions with separate sentences, they shall be construed as one continuous sentence for the full length of all the sentences combined."

The effect of this statute is to reverse the common law rule. It is, however, consistent with the rule that " * * * 'a court may impose one sentence on * * * conviction on two or more offenses charged in the same indictment without apportioning the sentence to the respective counts in the indictment * * * provided the gross sentence imposed is not in excess of the maximum allowed by law for all the offenses of which the defendant is guilty.' Levine v. Hudspeth, 127 F.2d 982, 984 (10 CA 1942) cert. den. 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507; accord, Morrison v. Hunter, 161 F.2d 723 (10 CA 1947) * * *." Baca v. United States, supra.

■ The New Mexico courts very often order sentences to run concurrently, as demonstrated by reference to recent criminal cases in which multiple sentences for convictions on multiple charges have been imposed. However, defendant recognizes that whether multiple sentences for multiple offenses run concurrently or consecutively is a matter resting in the sound discretion of the trial court. United States v. Butler, 149 U.S.App.D.C. 300, 462 F.2d 1195 (D.C.Cir.1972); Dublin v. Osborne, 388 S.W.2d 588 (Ky.1965). The imposition of consecutive sentences of life imprisonment is proper. State v. Grimm, 461 S. W.2d 746 (Mo.1971); Annot., 33 A.L.R.3d 335, § 9 at 368 (1970) and cases therein cited.

■ Defendant recognizes that the imposition of separate sentences to run consecutively is lawful and violates no federally protected right Trujillo v. Patterson, 266 F.Supp. 901 (D.Colo.1966). Compare the quotation above from Baca v. United States, supra, and cases therein cited.

■ He also recognizes that the imposition of multiple valid sentences to run consecutively does not, as such, constitute cruel and unusual punishment as contemplated by the Eighth Amendment to the Constitution of the United States [Smith v. United States, 273 F.2d 462 (10th Cir. 1959)] or by Art. II, § 13. Constitution of New Mexico [State v. Matthews, 79 N.M. 767, 449 P.2d 783 (1969); State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967)].

However, to avoid misunderstanding of any of the language in this regard appearing in the decisions in the Smith, Matthews or Peters cases, excessively long punishments, as well as those which are inherently cruel, are objectionable. See concurring opinion of Justice Marshall in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L. Ed. 793 (1910); Annot., 33 A.L.R.3d, supra, § 3 at 349 and cases therein cited. In the present case we are unable to find the consecutive sentences imposed to be excessively long under the facts.

We find no error on the part of the trial court in ordering the sentences to run consecutively. Besides, we agree with the decisions in United States v. Butler, supra, and Irby v. United States, 129 U.S.App. D.C. 17, 390 F.2d 432 (1967) wherein it was stated:

"An attack on consecutive sentences is one which should be made at the time the sentences are imposed, when there is the opportunity to make a meaningful inquiry into the facts. It is not suited to the vehicle of belated collateral attack."

The order of the trial court should be affirmed.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.