564 P.2d 998

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Eloisa CRESPIN, Defendant-Appellant.**

**No. 2823.**

Court of Appeals of New Mexico.

May 3, 1977.

Jan A. Hartke, Chief Public Defender, Santa Fe, William H. Lazar, Asst. Appellate Defender, Santa Fe, Alice Hector, Dist. Public Defender, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Dennis Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant pled guilty to two fourth degree felonies. The sentences were suspended and defendant was placed on probation. Her appeal asserts that the length of her probation is greater than the maximum time authorized by statute. We agree.

■ After orally imposing sentence, the trial court stated: "I will suspend imposition of sentence on each of these charges and put you on probation for a period of three years on each count. That's a total of six years probation." These remarks by the trial court differ somewhat from the written sentence which was imposed. Because these remarks do not amount to a final judgment, we do not consider them further. *State v. Hatley*, 72 N.M. 377, 384 P.2d 252 (1963); *State v. Morris*, 69 N.M. 89, 364 P.2d 348 (1961); *State v. Atencio*, 85 N.M. 484, 513 P.2d 1266 (Ct.App.1973).

The final judgment entered by the trial court sentenced defendant to a penitentiary term of not less than one nor more than five years for each count. The judgment states: "Execution of sentence is suspended and Defendant is ordered to be placed on probation for Six (6) Years . . . ."

The State views this judgment as imposing consecutive sentences with probation for a period of three years on each count. On the basis of this view, the State argues that under § 40A–29–17, N.M.S.A.1953 (2d Repl.Vol. 6) the total probation period of five years applies to each crime and that consecutive sentences of probation are authorized. Defendant contends that under § 40A–29–17, supra, consecutive terms of probation exceeding five years are not authorized. See *Fox v. United States*, 354 F.2d 752 (10th Cir. 1965); Compare, however, *United States v. Lancer*, 508 F.2d 719 (3rd Cir. 1975). We do not answer these contentions because they are based on a mistaken view of the judgment.

■ The final judgment of the trial court does not state whether the sentences were to be served concurrently or consecutively. Absent such a statement, the sentences are to be served concurrently. *State v. Padilla*, 85 N.M. 140, 509 P.2d 1335 (1973); *Swope v. Cooksie*, 59 N.M. 429, 285 P.2d 793 (1955); *Deats v. State*, 84 N.M. 405, 503 P.2d 1183 (Ct.App.1972).

■ The final judgment suspends "execution of sentence" without indicating whether the suspension applied to one or both sentences. In the absence of express limitation, the suspension applied to both sentences. Section 40A–29–16, N.M.S.A. 1953 (2d Repl.Vol. 6).

■ The six years probation period stated in the final judgment is not divided between the two sentences. We have a six-year probation period applicable to two fourth degree felony sentences being served concurrently.

The maximum sentence for a fourth degree felony is a penitentiary term of five years. Section 40A–29–3, N.M.S.A.1953 (2d Repl.Vol. 6). Probation cannot "exceed

that of the maximum sentence prescribed by law for the commission of the crime for which he was convicted . . . ." Section 40A–29–18(E), N.M.S.A.1953 (2d Repl. Vol. 6). See also § 40A–29–19(B), N.M.S.A. 1953 (2d Repl.Vol. 6).

The maximum probation term for each of defendant's fourth degree felonies is five years. *State v. Baca,* 90 N.M. 280, 562 P.2d 841 (Ct.App.) decided March 22, 1977. The six-year probation imposed by the trial court is unauthorized. The probation period must be corrected to state an authorized period of probation. Once a corrected probation period is imposed, defendant will not serve more than the five-year total stated in § 40A–29–17, supra, because the sentences are being served concurrently.

With the exception of the probation period, the judgment and sentences are affirmed. The probation period of six years is reversed. The cause is remanded with instructions to enter a corrected sentence imposing a probation period not to exceed five years.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.