28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James RAYHORN, Petitioner-Appellant,
v.
John SHANKS, Warden; Attorney General of the State of New
Mexico, Respondents-Appellees.
 No. 93-2298.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Petitioner James Rayhorn appeals the district court's dismissal of his petition for writ of habeas corpus, 28 U.S.C. 2254. We have jurisdiction under 28 U.S.C. 1291.
 
 
 2
 Petitioner pleaded guilty in New Mexico state court to second degree murder, false imprisonment, conspiracy to commit false imprisonment, and two counts of tampering with evidence. Petitioner was sentenced to ten years imprisonment on the murder charge and eighteen months on each of the remaining counts. Petitioner also received a four-year sentence as an habitual offender. The sentencing court ordered all of the sentences to run consecutively.
 
 
 3
 In his habeas petition, Petitioner claims the sentencing court violated his right to due process by imposing consecutive sentences without express statutory authority. Petitioner also alleges that his trial counsel was ineffective for failing to raise this argument. The district court, having determined that Petitioner exhausted his state remedies, dismissed the petition on the merits. We affirm.
 
 
 4
 New Mexico follows the common-law rule, unless changed by statute, that although two or more sentences are to be served concurrently, the trial court has the authority to order consecutive sentences. State v. Padilla, 509 P.2d 1335, 1338 (N.M.1973); Swope v. Cooksie, 285 P.2d 793, 794 (1955). "[W]hether multiple sentences for multiple offenses run concurrently or consecutively is a matter resting in the sound discretion of the trial court." Padilla, 509 P.2d at 1338. Accordingly, under the common law the sentencing court had the authority to sentence Petitioner to consecutive terms of imprisonment. Furthermore, because Petitioner's argument has no merit, his trial counsel's failure to raise the argument did not result in ineffective assistance of counsel.
 
 
 5
 Petitioner's motion for a certificate of probable cause is GRANTED, see 28 U.S.C. 2253, and we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument