This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39951**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LLOYD AGUILAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Lovelace, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The sole issue raised by this appeal is whether district courts in New Mexico have authority to impose consecutive sentences for crimes committed while not serving another sentence. This Court issued a notice of proposed summary disposition proposing to affirm on the basis that the question posed has already been answered in the affirmative by this Court's opinion in *Deats v. State*, 1972-NMCA-155, ¶ 5, 84 N.M. 405, 503 P.2d 1183. Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}**     In his memorandum, Defendant continues to point out that the only section of New Mexico's Criminal Sentencing Act dealing with consecutive sentencing is NMSA 1978, Section 31-18-21 (1977), which is applicable only to "inmates and persons at large." As Defendant fit neither of those descriptions at the time of his offense, he asserts that "the sentencing court lacked statutory authority to order a consecutive sentence." [MIO 2] As our notice of proposed disposition pointed out, this Court rejected Defendant's argument in 1972 in an opinion explaining that the discretion of district courts to impose either concurrent or consecutive sentences pursuant to common law practice was explicitly codified by the Legislature in NMSA 1978, Section 38-1-3 (1915). *See Deats*, 1972-NMCA-155, ¶ 6.

**{3}**     Defendant now asserts that the holding from *Deats* is in conflict with other opinions holding that "courts have only the sentencing authority granted them by the Legislature." [MIO 3] *See State v. Sinyard*, 1983-NMCA-150, ¶ 4, 100 N.M. 694, 675 P.2d 426 (noting that sentencing authority is "only that which has been provided by statute"). We perceive no conflict. As explained by *Deats*, itself, the Legislature long ago granted district courts the discretion to impose both concurrent and consecutive sentences by way of Section 38-1-3, which adopted the then-existing common law rules of practice and decision. *Deats*, 1972-NMCA-155, ¶ 6.

**{4}**     We are also unpersuaded by Defendant's argument that Section 31-18-21 withdraws that discretionary sentencing authority. Defendant points out that Section 31-18-21(A) of that statute requires the imposition of consecutive sentences for crimes committed while "an inmate in a penal institution" and Section 31-18-21(B) thereof allows discretion with regard to sentencing a person "who commits a crime while at large under a suspended or deferred sentence or probation or parole." [MIO 3] Because the authority granted by Section 31-18-21(B) is discretionary, Defendant asserts that retention of the same discretionary authority that existed at common law and was codified by Section 38-1-3 would render that subsection mere surplusage. [MIO 4]

**{5}**     We note, however, that Section 31-18-21(B) declares that in the situations to which it applies, sentencing will be consecutive "unless otherwise ordered by the court," whereas at common law "two or more sentences are to be served concurrently unless otherwise ordered by the Court." *Deats*, 1972-NMCA-155, ¶ 26 (quoting *Swope v. Cooksie*, 1955-NMSC-062, ¶ 7, 59 N.M. 429, 285 P.2d 793). Thus, the clear purpose and intent of Section 31-18-21(B) is to replace, in the circumstances to which it applies, the common law presumption that sentencing is generally concurrent while allowing the district courts discretion to deviate from that presumption in appropriate circumstances. Rather than being surplusage, as Defendant argues, Section 31-18-21(B) has the effect of reversing the common law presumption of concurrent sentencing when it comes to persons convicted of crimes while at large under the circumstances described by the statute.

**{6}**     Ultimately, Defendant's memorandum does not persuade us that our proposed disposition in this appeal was based upon any error of fact or law. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (concluding that the

repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a memorandum opposing summary disposition), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment and sentence entered by the district court.

**{7}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**