Robert Eugene McDONALD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6928.

United States Court of Appeals Tenth Circuit.

July 5, 1962.

C. Van Drunen, Salt Lake City, Utah, for appellant.

Gerald R. Miller, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant was indicted, tried and convicted of the transportation in interstate commerce of stolen property, in violation of 18 U.S.C.A. § 2314.

The arrest was originally made by state officers inside a building in Salt Lake City while appellant was in the act of burglarizing the establishment. He was taken to the county jail and later that evening had a conversation with the Sheriff of Salt Lake County. About this same time, a car found near the place of arrest was towed into the county parking lot by deputy sheriffs, which car admittedly belonged to appellant. A search of the car was not made for approximately 12 hours and then, without a search warrant. By this search the stolen property referred to in the indictment was found and seized, which evidence is now sought to be suppressed. McDonald was released from state custody on bond but was subsequently charged and arrested for the offense here.

A motion, on behalf of the defendant, to suppress the seized evidence was heard by the trial court immediately prior to trial of the case to jury. After hearing on the motion was had, the matter was taken under advisement by the court, and, without objection by either side,

the case proceeded to trial. Counsel for the defendant, in his opening statement to the jury, made prior to the taking of any evidence, did not deny the possession or transportation of the personal property in question, but contended the defendant came into possession of the same by purchase, in St. Louis, and in substance advised the jury that the only question was the defendant's knowledge the property was stolen. The government then introduced a part of its evidence prior to the noon recess. After that recess and before the property in question was offered into evidence, a further conference was held outside the presence of the jury, and the court announced its ruling denying the Motion To Suppress. The items of personal property were thereafter admitted. At the close of the government's case, counsel for the defendant moved for a judgment of acquittal because of the admission of the questioned evidence. That motion was denied and the defendant produced his evidence, including his own testimony, by which he admitted the possession of the property, stating he had purchased it in St. Louis but denied knowledge that it had been stolen. A verdict of guilty was returned by the jury.

Appellant's only contention on this appeal is that the trial court erred in denying his Motion To Suppress the evidence in question. He argues that such evidence was obtained by the state officers in a search of his automobile without the authority of a search warrant or as an incident to a lawful arrest and therefore it was obtained as a result of an illegal search and seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and was not admissible in the trial of the case.

■■ It is, of course, the rule in federal criminal trials that evidence obtained by state officers during a search, which, if conducted by federal officers, would have violated the defendant's immunity from unreasonable searches and seizures under the Fourth Amendment, is inad-

missible over defendant's timely objection thereto and must be excluded. Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669; Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688. However, the Constitution does not forbid all searches and seizures but only those which are unreasonable. Elkins v. United States, supra.

■ A search and seizure may be made without a search warrant if the individual gives his consent thereto. Thomas v. United States, 10 Cir., 154 F.2d 365; Ruhl v. United States, 10 Cir., 148 F.2d 173; Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649; United States v. Arrington, 7 Cir., 215 F.2d 630; Milyonico v. United States, 7 Cir., 53 F.2d 937; Honig v. United States, 8 Cir., 208 F.2d 916; Shores v. United States, 8 Cir., 174 F.2d 838, 11 A.L.R.2d 635; Channel v. United States, 9 Cir., 285 F.2d 217. The consent must be given freely and voluntarily, uncontaminated by any duress or coercion, and the government has the burden of proving that such consent was so given. Judd v. United States, supra; Honig v. United States, supra; Channel v. United States, supra.

The sheriff testified at the hearing on the Motion To Suppress that defendant informed the arresting officers of the general location of his automobile in the vicinity where the arrest was made, and thereafter, upon being advised by the sheriff that "We'll have to check this car out; we'll have to go through the car. Do you have any objections?", the defendant replied that he did not. In response to questioning by the court, the sheriff further testified that he told defendant he would have to search the car and defendant said he had no objections and that no threats were made against him to secure permission to make the search. Appellant, by his testimony, admitted having a conversation with the sheriff on the night of his arrest, but denied anything was said by the sheriff about a search of his car or that he gave his permission to make a search of the car.

Appellant, in support of his contention, cites and relies upon Judd v. United States, supra, and Channel v. United States, supra. All that need be said about those cases is that the facts are dissimilar to the facts in the case at bar.

■ Obviously, the trial court chose to disbelieve the testimony of McDonald, and from the sheriff's testimony, found the defendant had given his consent to the search, freely and voluntarily, and without duress or coercion. We are unable to say, as a matter of law, that such finding is erroneous, even though based upon conflicting evidence. United States v. Ziemer, 7 Cir., 291 F.2d 100. Therefore, we must conclude the Motion To Suppress was correctly denied on this ground.

■ There is another, and perhaps even more compelling, reason why the Motion To Suppress was properly denied. The purpose of the law of searches and seizures is to protect the privacy of the individual and also to protect him against compulsory production of evidence to be used against him. Davis v. United States, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453.

■ Any question that may have existed concerning the admission of the seized property into evidence was disposed of by the opening statement of defense counsel. There, in effect, he admitted defendant's possession of the property, advised the jury of the defendant's explanation of how he came into possession of it and limited the issue in the case to the question of the defendant's knowledge the property had been stolen. The jury was thus advised of the existence and defendant's possession of the very evidence which he sought to have suppressed and kept from the jury's consideration. No legal reason then remained for the suppression of the evidence. Moreover, no necessity then existed for the government to offer such property into evidence nor could any prejudice result to the defendant by its admission, if offered.

Affirmed.