Roland Augustus **HALL**, Defendant-Appellant,

v.

**UNITED STATES** of America, Plaintiff-Appellee.

No. 239–69.

United States Court of Appeals Tenth Circuit.

Dec. 4, 1969.

Ralph M. Marron, Albuquerque, N. M., for defendant-appellant.

John A. Babington, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., on the brief), for plaintiff-appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and THEIS, District Judge.

THEIS, District Judge.

In this appeal the appellant attacks his conviction on the offense of unlawful interstate transportation of a firearm after having been previously convicted of a felony, in violation of 15 U.S.C.A. § 902(e). After indictment, and prior to trial, the appellant filed a motion for suppression of evidence, alleging that the firearm that he was accused of transporting was taken by an illegal search and seizure. The trial judge held a hearing upon the motion, denied the same, and sustained the legality of the search and seizure on the grounds that the appellant knowingly and voluntarily consented to the search.

The contentions raised in this appeal by appellant Hall, as set forth in his brief, are as follows:

1. Under all the circumstances, the appellant acted under the direction of police authority and did not consent to the unreasonable search of his luggage, intelligently, understandingly, and without duress or coercion.

2. Police searches, unrelated to any crime under investigation, should not be permitted under the Fourth Amendment,

prohibiting unreasonable searches and seizures.

The facts show that on November 30, 1968, the appellant was hitchhiking from Arizona to Michigan when the automobile in which he was riding was stopped for a routine registration and driver's license check by an officer of the New Mexico State Police. After stopping the vehicle, the officer individually questioned the female driver, the female passenger, and Hall. Neither of the ladies had a driver's license or registration papers for the vehicle. Hall produced his driver's license, but stated that he did not have the registration papers, since he was merely hitchhiking. Thereafter, the officer instructed the women to drive the car back to Santa Rosa, and Hall was taken to that city with the officer in the police car. There, with the permission of the woman driving, the car was searched for the registration papers. After searching the trunk of the vehicle, Hall was brought to the car, asked to identify his luggage, take it out of the trunk, and place it on the back of the police car. At this point, a conflict in the evidence appears. Officers Hutchinson and Bernal testified that they advised Hall of his constitutional rights, then told him that a search of his luggage could not be conducted without his consent and that he could refuse to consent to the search of his luggage. Both officers then testified that Hall replied, "Sure, go ahead and search them, I don't have anything to hide." To the contrary, Hall's account of this event was that the officers did not tell him that he had a right to refuse to open the luggage, but instead he testified that he was told to open the luggage and he thought he had to do what the officers said. In any event, the luggage was searched and the firearm was found. Upon learning that Hall had a prior felony conviction, he was placed under arrest, subsequently tried and convicted after a jury trial.

We turn to appellant's first contention about involuntary search and seizure. The rights guaranteed by the Fourth Amendment are fundamental in our judicial process, and as such, zealously protected by our courts. Those rights may, however, be waived by voluntary consent. This Court has previously laid down the guidelines in Wren v. United States, 352 F.2d 617 (10 Cir., 1965), cert. denied 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542 (1966), where the Court said:

> "In order to constitute a voluntary consent it must clearly appear that the search was voluntarily permitted or expressly invited and agreed to by the person whose right is involved. In addition, such person must be cognizant of his rights in the premises, the consent must not be contaminated by any duress or coercion and the government has the burden of proof. The question of whether consent has been given is a question of fact for the trial court to determine in accordance with the foregoing accepted principles of law and subject to appellate review within the 'clearly erroneous' rule."

The trial judge chose to believe the testimony of the officers instead of the accused. As the finder of fact this was his prerogative. He found that (1) the officers advised Hall of his right to refuse to consent to the search, and (2) that Hall, in fact, consented understandingly, intelligently, and without coercion or duress.

It should be unnecessary to state that the trial judge, upon the motion to suppress, was the judge of the weight and credibility of the evidence. He had the witnesses before him, where he could observe the demeanor, speech and outward appearance of each witness as he testified, and weigh this in connection with the other evidentiary facts present in the situation before him.

Turning briefly to appellant's second contention that police searches, unrelated to any crime under investigation, should not be permitted under the purport of the Fourth Amendment, we believe the basis for this argument is

more philosophical than legal, since even appellant cites no cases to sustain his point. Again we point out, the basis for the search here, which would otherwise have been illegal, was the consent of the appellant. There is some basis in the record for believing that the motivating reason for appellant's consent at the time to search his luggage was based on ignorance of the law, i. e., possession of a gun by a former felon being a crime. However, this has long been held not to vitiate the understanding and voluntary basis for consent. Lambert v. California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957); Blumenthal v. United States, 88 F.2d 522 (8 Cir. 1937).

Upon review of the record in its entirety, it is concluded that there is abundant evidence to support the trial judge's findings, precluding this Court from ruling that such findings were "clearly erroneous."

We affirm the judgment of conviction.