**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Noel DONAHUE, Defendant-Appellant.**

**No. 358-70.**

United States Court of Appeals, Tenth Circuit.

June 2, 1971.

Michael P. Watkins, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief) for plaintiff-appellee.

Scott McCarty, Albuquerque, N. M., for defendant-appellant.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

LANGLEY, District Judge.

The defendant-appellant, William Noel Donahue, was convicted by a jury of robbing a federally insured bank at Albuquerque, New Mexico, in violation of 18 U.S.C. § 2113(a) and (b), and has appealed. His contention is that the trial court erred in refusing to suppress evidence obtained in a search of his motel room without a warrant or valid consent and in permitting witnesses to identify the defendant at the trial after seeing him in an improper police line-up.

The evidence at the hearing on the motion to suppress is largely undisputed. The Fidelity National Bank of Albuquerque, New Mexico, a national bank insured by the Federal Deposit Insurance Corporation, was robbed on December 8, 1969. The robbery was accom-

plished by a lone male individual who approached a teller with a revolver and demanded money. The teller handed him some $2800.00 in bills, including five $20.00 bills the serial number of which had been recorded. After leaving the bank the robber was observed to enter a small white station wagon and drive off. Investigation developed that a vehicle of the same description belonging to a Sharon Fernandez, a friend of Donahue's, had been seen at a nearby service station where Donahue worked, and Donahue therefore became a suspect. On December 9, about 9 o'clock P. M., five Federal Bureau of Investigation agents went to Donahue's room at a motel and knocked on the door. After being told by Donahue to enter they opened the door and saw that Mrs. Fernandez and her daughter were also present in the room. They then identified themselves and asked Donahue if he would come out to their car so they could talk to him alone, to which he agreed.

Two of the agents remained with Mrs. Fernandez and talked to her but did not search the room. The other three went with Donahue to the car. There, one of the officers, Agent Cameron, asked Donahue his age, where he was from, and how long he had been in town, which Donahue answered. Agent Cameron thereupon advised Donahue that he was not required to answer any questions, that any statement he made could be used against him, that he was entitled to an attorney while they questioned him, and that he was not under arrest. He then told Donahue they wished to search his room and car and asked if he had any objections. Donahue replied that he had no objection and commented that if he did not consent "they would just get a search warrant." To this remark another officer present, Agent Jordan, replied that they might try to get one. Donahue then signed a written consent to the search of his room and car and an acknowledgment of his "Miranda rights," both of which had been read to him and given to him to read.

A search of the defendant-appellant's room uncovered a brown paper sack containing $2180.00 in bills of similar denominations to those handed the robber by the bank teller, including four of the $20.00 bills with recorded serial numbers. Donahue was then placed under arrest and his person searched. The fifth $20.00 bill with a recorded serial number was found in his billfold. It was to prevent the use of this evidence at the trial that the motion to suppress was directed. And it was upon the evidence recited that the trial court denied the motion, we think properly.

▮▮▮▮ It is well established, of course, that where the validity of a search depends upon consent, the government has the burden of proving that the consent was given freely and voluntarily. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, (1968). It is also well established, however, that at a hearing on a motion to suppress the credibility of the witnesses and the weight to be given the evidence, together with the inferences, deductions, and conclusions fairly and reasonably to be drawn from the evidence, are to be determined by the trial judge. Hall v. United States, 418 F.2d 1230 (10th Cir. 1969). The conclusion reached by the trial judge in this case that the defendant-appellant voluntarily permitted the search, fully knowing and understanding his rights in the matter and without coercion, is amply supported by the evidence and not clearly erroneous.

▮▮▮▮ With respect to the defendant-appellant's contention that the line-up was improper, we also disagree. According to the evidence relating to this objection, after Donahue was taken to jail following his arrest the officers undertook to arrange a lineup the following day. On advice of counsel, Donahue refused to participate. The district court then entered an order directing the line-up and requiring Donahue to appear in it, which was within the court's authority. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967). The line-up was

held two days later, on December 12, 1969, with Donahue's attorney present. The participants in the line-up were all of approximately the same age, height, and build as Donahue, and had the same color of hair. Photographs of Donahue had appeared in local newspapers, but only one of the persons able to identify him in the line-up had seen a recognizable picture, the bank teller from whom the money was taken, and his testimony was that the picture did not affect his identification. The manner in which the line-up was conducted in our opinion meets all the procedural requirements and safeguards spelled out in United States v. Wade, *supra*. Donahue's suggestion that bank customers should have been included in the line-up and that the publication of his photograph influenced identification may be a valid argument to a jury concerning the weight to be given the identifications, but they do not present grounds for suppression.

Affirmed.