**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Eugene MILES, Defendant-Appellant.**

**No. 71–1106.**

United States Court of Appeals,
Tenth Circuit.

Oct. 20, 1971.

---

Juan C. Burciaga, Albuquerque, N. M., for defendant-appellant.

Mark B. Thompson, III, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for plaintiff-appellee.

Before LEWIS, HILL and DOYLE, Circuit Judges.

HILL, Circuit Judge.

Miles directly appeals the denial by the trial court of his motion to suppress evidence which he contends was the product of an unlawful search and seizure.

Appellant, with his brother-in-law, Burns, was traveling from Ohio to California to obtain employment in California. They stopped for gas at Fort Sumner, New Mexico, but left the station without paying. They were stopped shortly thereafter by two police officers, Rodela and Chavez, in connection with the "gas skip". Appellant and his companion were searched, and permission was given to search the inside of the car, which was done. At this point, a conflict arises in the evidence presented. Leaving for a moment a reconstruction of the sequence of events, it is enough to state that the trunk of the car was searched, and a shotgun of illegal length was discovered. Appellant was ultimately convicted for violation of 26 U.S.C. § 5861(d), possessing an unregistered firearm.

Miles asserts the shotgun was recovered from the trunk of the car after his companion declined to give consent to a search of the trunk. The prosecution's evidence indicates that Burns did consent to a search of the trunk. The issue presented here is whether this search without a warrant was a consent search.

Appellant contends that the search cannot be justified as a search, incident to arrest, of the area in the arrestee's immediate control. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The police officers both testified that neither Miles nor Burns could have gotten into the trunk. The search was therefore unreasonable, and a violation of Miles' constitutional rights. Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). The evidence gained by the illegal search was inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The trial court erred in denying appellant's motion to suppress evidence obtained through an illegal search and seizure.

Appellee argues that the judgment of the trial court must be affirmed under the clearly erroneous rule. Officer Rodela testified that Burns consented to a search of the trunk. The trial court chose to believe this testimony, rather than that of Miles and Burns. Absent a showing of clear error, the judgment must be affirmed.

It is a fundamental principle of Anglo-American jurisprudence that individuals are secure in their persons, houses, papers and effects against unreasonable searches and seizures.[1] This constitutional right, like all others, may be waived by voluntary consent. Wren v. United States, 352 F.2d 617 (10th Cir. 1965), cert. denied 384 U.S. 944, 86 S.Ct. 1469, 16 L.Ed.2d 542 (1966). "In order to constitute a voluntary consent it must clearly appear that the search was voluntarily permitted or expressly invited and agreed to by the person whose rights are involved." Wren v. United States, *supra.* The consent must not be

---

1. U.S.Const., Amend. IV.

obtained by duress or coercion; the government has the burden of proving the alleged consent. McDonald v. United States, 307 F.2d 272 (10th Cir. 1962). The question of whether consent was given is a question of fact for the trial court to determine and is subject to appellate review under the clearly erroneous rule. Wren v. United States, *supra.*

Construing the evidence introduced in the trial court in the light most favorable to the government, as the appellate court is bound to do, Sinclair v. Turner, 447 F.2d 1158 (10th Cir. 1971), this Court is unable to say that the judgment of the trial court is clearly erroneous. The fact that there was conflicting evidence as to the giving of the consent does not per se merit application of the clearly erroneous rule. McDonald v. United States, *supra.* The credibility of the witnesses, together with inferences, deductions and conclusions fairly and reasonably to be drawn from the evidence, are to be assessed by the trial court. United States v. Donahue, 442 F.2d 1315 (10th Cir. 1971). As the findings below are not clearly erroneous, this Court may not now disturb them on review. Northern Natural Gas Co. v. Grounds, 441 F.2d 704 (10th Cir. 1971).

Affirmed.