This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                            **NO. 31,380**

**AUSTIN FILFRED,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

    Defendant appeals from the district court's order denying his motion to

suppress and remanding to magistrate court for imposition of the magistrate judgment for aggravated DWI; speeding; and resisting, evading, or obstructing an officer. [RP 1, 3, 107] Our second notice proposed to affirm, and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments, and therefore affirm.

As a basis for his motion to suppress [RP 28; MIO 2], Defendant argues that the officer lacked reasonable suspicion to pull him over for impeding traffic. *See* NMSA 1978, § 66-7-305(A) (2003) (stating that "[a] person shall not drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or to be in compliance with law"). We disagree, as the facts provide reasonable suspicion that Defendant's slow speed impeded the officer's normal and reasonable movement in a no-passing zone when the officer first came upon Defendant's vehicle and had to slow down to Defendant's pace. [State's MIO, green clip/6-7]

Specifically, the officer testified that he was driving eastbound on a two-lane highway when he came up behind Defendant's vehicle fairly quickly in a no-passing zone. [State's MIO, green clip/3, 4, 5; RP 101, 102] The posted speed limit was 55 mph. [State's MIO, green clip/4; RP 101] The officer first clocked Defendant's vehicle at 41 mph [State's MIO, green clip/3; RP 101] and the vehicle then slowed

down to 34 mph [State's MIO, green clip/3-4; RP 101], causing the officer to also slow down to this speed. [State's MIO, green clip/5, 7] Given the foregoing, we agree with the State's argument that the officer would have had to break the law to pass Defendant in the no-passing zone where he first encountered Defendant's vehicle, or otherwise continue on at 34 mph until the vehicles entered a passing zone. [State's MIO, green clip/7] We accordingly hold that the officer had reasonable suspicion to stop Defendant's vehicle because the officer's vehicle was "traffic" that was impeded by Defendant's driving. *See generally State v. Hubble*, 2009-NMSC-014, ¶ 12, 146 N.M. 70, 206 P.3d 579 (providing that an officer who is driving constitutes "traffic" for purposes of the Motor Vehicle Code).

We acknowledge the additional facts emphasized by Defendant in his memorandum in opposition, namely, that Defendant's vehicle gradually slowed down from when the officer first encountered the vehicle [Defendant's MIO, yellow clip/5] such that the officer was not required to suddenly brake [Defendant's MIO, yellow clip/5]; that the officer – after the initial encounter in the no-passing zone – had opportunities to legally pass Defendant [Defendant's MIO, yellow clip/6]; and that, while there were slopes and hills in the immediate area which created many blind spots, the area where the stop took place was flat. [Defendant's MIO, yellow clip/4] As emphasized in our second notice, however, the officer would have had to break

the law to pass Defendant in the no-passing zone when he first encountered Defendant driving below the speed limit. These facts alone are sufficient to provide the officer with reasonable suspicion that Defendant's slow speed impeded the officer's normal and reasonable movement, regardless of whether the officer could have subsequently passed Defendant legally in a passing zone.

We further conclude that the holding in *State v. Mann*, 103 N.M. 660, 712 P.2d 6 (Ct. App. 1985), supports our decision in this case. In *Mann*, this Court considered whether the officer's stop was pretextual in the context of the officer's claim that he stopped the defendant's vehicle for impeding traffic. *Id*. at 663-64, 712 P.2d at 9-10. The relevant facts in *Mann* were that the defendant was traveling 35 mph in a 55 mph zone while occupying an inside traffic lane; the officer followed the defendant for two miles before stopping him; and there were other vehicles in the area at the time the officer stopped the defendant. *Id*. at 662, 712 P.2d at 8. This Court held that these facts provided the officer with reasonable suspicion to stop the vehicle for impeding traffic. *Id.* at 664, 712 P.2d at 10. In doing so, we stated, "[w]hile it is true traffic could pass defendant in the outside lane . . . slower traffic is directed to normally occupy the outside lane[,]" and thereby concluded that the officer had reasonable suspicion that the defendant's driving impeded the normal and reasonable movement of traffic. *Id*. By comparison, in the present case, Defendant was also driving under

4

the speed limit and doing so in a no-passing zone and thus impeded the officer's normal and reasonable movement when he came upon Defendant's vehicle and had to slow down to Defendant's pace. While the issue in *Mann* was whether the stop was pretextual [Defendant's MIO, yellow clip/7], the underlying issue of whether the officer had reasonable suspicion that the defendant was impeding traffic is the same as in the present case. And while Defendant maintains that the holding in *United States v. Valadez-Valadez*, 525 F.3d 987 (10th Cir. 2008) [Defendant's MIO, yellow clip/8-10] is dispositive, as discussed in our second notice, that case no longer informs our view of the present case. To this end, we acknowledge the *Valadez-Valadez* holding that "driving at a speed moderately below the speed limit does not, *without more*, constitute obstructing or impeding traffic." *Id.* at 992 (emphasis added). [MIO 10] In the present case, however, in addition to driving below the speed limit, Defendant did so in a no-passing zone and impeded the officer when he was driving behind Defendant.

We acknowledge also Defendant's position that the officer's belief that slow driving is an indicator of driver intoxication is not sufficient to provide reasonable suspicion for a stop. [Defendant's MIO, yellow clip/1, 11] As addressed above, however, the stop was justified by the officer's reasonable suspicion that Defendant was impeding traffic, and for this reason it is not necessary to assess the effect of the

officer's belief that slow driving indicates intoxication.

Lastly, to the extent Defendant broadly asserts that he may be entitled to greater protection under the New Mexico Constitution [Defendant's MIO, yellow clip/11], we decline to address this assertion on the merits. While Defendant below noted that both the United States Constitution and Article II, Section 10 of the New Mexico Constitution protect against illegal searches and seizures [RP 28], on appeal he provides this Court with no argument in support of this assertion. For this reason, we decline to address the merits of Defendant's assertion. *See State v. Lorenzo P.*, 2011-NMCA-013, ¶ 9, 149 N.M. 373, 249 P.3d 85 (limiting our analysis to federal constitutional analysis when the appellant presented no argument on appeal as to why Article II, Section 18 of the New Mexico Constitution may provide him greater due process protection); *State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 (stating that "this Court has no duty to review an argument that is not adequately developed").

Based on our second calendar notice and the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

6

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**