This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39540**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANTONIO RODRIGUEZ,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Michelle Castillo-Dowler, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Mark A. Peralta-Silva, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BACA, Judge.**

**{1}** Following a bench trial, Antonio Rodriguez (Defendant) was found guilty of driving while under the influence of liquor or drugs (DUI), contrary to NMSA 1978, Section 66-8-102(B) (2016), driving the wrong way (one-way roadways), contrary to NMSA 1978, Section 66-7-316 (2003), and failure to register or title a vehicle as required, contrary to NMSA 1978, Section 66-3-1 (2018, amended 2023). On appeal,

Defendant argues that (1) the metropolitan court erred in denying his motion to suppress statements Defendant made following his arrest because he was given insufficient *Miranda* warnings; and (2) that insufficient evidence supports Defendant's conviction for DUI based on marijuana use. For the reasons that follow, we affirm.

**BACKGROUND**

{2}      At approximately 1:15 a.m., Defendant was stopped by a police lieutenant for driving the wrong way on a one-way street in downtown Albuquerque. Soon after the initial stop, another police officer (the officer) arrived to assist the lieutenant. During his initial contact with Defendant the officer observed that Defendant fidgeted, had bloodshot eyes, and slurred speech. Based on these observations, the officer decided to conduct a DUI investigation. Defendant denied drinking any alcohol. During the traffic stop, while Defendant was still in his car, the officer asked Defendant to place his hands on the driver's side window, which was partially rolled down, lean towards the officer, look at the officer and follow the officer's finger as he moved it without moving his head. The officer then asked Defendant to stay in that position and lean towards him and look straight out while the officer illuminated Defendant's face with a light. The officer then said, "What'd you use today? Your pupils are pinpoint." Defendant replied, "I smoked some weed." The officer asked, "Anything else?" Defendant replied, "No, I just smoked weed, man." The officer stated, "[Be]cause weed doesn't constrict your pupils." Defendant said he didn't know anything about that. The officer asked Defendant to hold his arms out and asked, "What's these puncture wounds? Right there. When did you shoot up last?" Defendant responded, "Huh?" and the officer again asked Defendant, "When did you shoot up last?" Defendant responded by saying, "I plead the Fifth, man. I don't have to [inaudible]." The officer then said to Defendant: "Well, you're driving a vehicle and I think you're under the influence of opiates." Defendant said "I plead the Fifth. I'm not going to say anything [inaudible]." The officer then told Defendant, "Okay, stay right there."

{3}      While Defendant was out of the vehicle being patted down, the officer pulled a small bag out of Defendant's front side pocket and asked, "What's this?" Defendant responded, "It's just a weed pipe." Finally, after all the field sobriety tests had been conducted, but prior to his arrest Defendant said, "So what if I smoked a little pot." Defendant does not claim on appeal that *Miranda* warnings were required prior to his making these statements, and does not challenge the admission of these statements at trial.

{4}      Defendant was then arrested for DUI and was placed in handcuffs. The officer informed Defendant of the procedure that they were going to follow concerning the continuing investigation of the DUI. The officer, in response to a question by Defendant about what was going to happen with his vehicle, told Defendant that it was going to be towed. The officer then checked to see if there was anything in Defendant's mouth.

{5}      Next, the officer informed Defendant that he was going to take tools out of Defendant's left pocket and while the officer was removing items from Defendant's

pocket, Defendant stated, "There's nothing . . . come on, man." While continuing to remove items from Defendant's pocket, the officer tells Defendant, "Well, you say it's just weed, but I feel that there's an opiate on board." Defendant responded, "Do you want me to be honest with you?" The officer replied, "Yes, I want you to be honest with me. I've asked you . . ." to which Defendant told the officer, "[inaudible] I'll be honest with you." But as Defendant continued speaking, the officer interjected with a partial *Miranda* warning: "Before you say anything, you need to know that you are in handcuffs, everything you say from here on out can be used against you in a court of law." Following this partial warning, Defendant said, "I have a drug problem, you know. And I'm trying to get it together, but it's hard." As the Defendant continued to talk, the officer informed Defendant that Defendant's change purse and ID would be going with Defendant and asked Defendant if he wanted anything else from the vehicle. Defendant did not respond to the officer's question, instead he said he did not know if he should be honest with them and then again stated that he has a drug problem. While Defendant is making these statements the officer is speaking on his radio. Finally, after asking Defendant again if he wanted anything else out of the vehicle, and Defendant asking the officer for a break, the officer tells Defendant that he is going to put Defendant in the back seat of his police car, is going to check Defendant's vehicle, and then they will go on to the next step of the investigation.

{6}     While the officer escorted Defendant to the police car, Defendant said, "Why [do] you got to do this to me?" to which the officer responded, "What do you mean why do I got to do this to you? This is you doing this to you." Defendant replied, "No, this is you doing this to me . . . I don't know what you want, bro." The officer responded, "Have a seat, be careful it's not a soft seat." Defendant then stated, "Geez, man, you guys are terrible," to which the officer replied, "I didn't put drugs into your system and make you drive tonight." Defendant responded, "I did, but I had to come home you know."

{7}     Defendant moved, pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966) to suppress his post-arrest statements related to drug use. The officer acknowledged at the hearing on the motion that he did not read a full *Miranda* warning to Defendant. The State argued that Defendant's admissions to a drug problem and his final admission to use of marijuana that day before driving were admissible despite the lack of an adequate *Miranda* warning because Defendant offered the information voluntarily and not in response to interrogation by the officer.

{8}     The metropolitan court denied the motion to suppress, agreeing with the State that the officer did not interrogate Defendant after the arrest. The metropolitan court reasoned that the officer responding, "Yes, I want you to be honest with me. I've asked you." to Defendant's question, "Do you want me to be honest with you?" did not constitute interrogation by the officer.

{9}     Following a bench trial, the court found Defendant guilty of driving under the influence "based on [Defendant] driving the wrong way on the one-way street . . . When I saw the statements [Defendant] made . . . his actions after that, they were much more consistent with [Defendant] driving the wrong way because [Defendant] was under the

influence of marijuana." The metropolitan court acknowledged that no drug results were admitted as evidence and no Drug Recognition Expert (DRE) gave expert testimony but found that there was other evidence to support the conviction including multiple admissions of smoking marijuana, Defendant's performance of the field sobriety tests, and his slurred speech. The court noted the post-arrest interaction by the officer and Defendant where the officer said, "I didn't put drugs in your system and make you drive" and Defendant responded, "I did, but I had to come home you know," stating "so again [Defendant is] admitting to the drugs that he took prior to driving." Although, the court noted that Defendant "talked about the fact he had a drug problem," the court stated that it was not relying on those statements in finding marijuana use by Defendant this day. ("not taking that as any sort of evidence as to what may have happened this day.") The court, in conclusion, found that Defendant "was unsafe to drive a motor vehicle and that it was based on marijuana."

## DISCUSSION

**{10}** Defendant appeals the metropolitan court's order denying his motion to suppress his post-arrest statements to law enforcement, arguing that he never was given a complete *Miranda* warning before what he claims was interrogation by the officer. Defendant contends that the admission of statements he made to law enforcement prejudiced him and require reversal of his conviction. Defendant also contends that the evidence was insufficient to convict him of DUI based on his inability to drive safely because he ingested marijuana. We first address Defendant's *Miranda* argument.

## I.     The Motion to Suppress

**{11}** As a preliminary matter, the State argues that Defendant failed to preserve his *Miranda* issue for appeal because he failed to renew his objection to the alleged protected statements at trial. We disagree. Defendant was not required to renew his objection during trial because he fairly invoked a ruling from the metropolitan court on this issue through his motion to suppress. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). We are not persuaded that there was any change in the issue presented to the court on the motion to suppress during trial. Defendant was therefore not required to again argue the issues he raised during the suppression hearing in order to preserve them.

**{12}** To the extent additional evidence was presented at trial relevant to the suppression motion, we consider that evidence on appeal. *See State v. Monafo*, 2016-NMCA-092, ¶ 10, 384 P.3d 134 (explaining that "[r]ather than being limited to the record made on a motion to suppress, appellate courts may review the entire record to determine whether there was sufficient evidence to support the [metropolitan] court's denial of the motion to suppress." (internal quotation marks and citation omitted)); *see also State v. Mann*, 1985-NMCA-107, ¶ 13, 103 N.M. 660, 712 P.2d 6 ("In reviewing the propriety of the stop and any subsequent search and seizure of evidence, an appellate

court may consider facts elicited not only at the suppression hearing, but also at the trial."). We turn now to the merits of Defendant's suppression motion.

## A. Standard of Review

**{13}** In reviewing a ruling on a motion to suppress, we remain cognizant that "there is a distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts, which is subject to de novo review." *State v. Munoz*, 1998-NMSC-048, ¶ 39, 126 N.M. 535, 972 P.2d 847 (alteration, internal quotation marks, and citation omitted). "The [metropolitan] court's denial of a motion to suppress evidence presents a mixed question of fact and law." *State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183.

## B. Custody and Miranda Warnings

**{14}** In this case, there is no dispute that Defendant was in custody as of the time the officer informed Defendant he was under arrest and placed handcuffs on Defendant; and that the statements at issue were made subsequent to Defendant being arrested. Therefore, we conclude that Defendant was in custody at the time Defendant made the statements at issue here.

**{15}** Likewise, as to the issue of the partial *Miranda* warning given by the officer to Defendant, we note that the State has focused its arguments, not on whether the *Miranda* warning given to Defendant was complete and effective, but instead on the fact that a *Miranda* warning was not necessary because (1) Defendant's statements to the officer were voluntarily made and/or (2) Defendant was never interrogated by the officer. Consequently, we conclude that the partial *Miranda* warnings given by the officer to Defendant were incomplete and ineffective. *See State v. Serna*, 2018-NMCA-074, ¶ 12, 429 P.3d 1283; *State v. Atencio*, 2021-NMCA-061, ¶¶ 31-33, 499 P.3d 635; *State v. Filemon V.*, 2018-NMSC-011, ¶¶ 18, 19, 412 P.3d 1089.

## C. Interrogation and Harmless Error

**{16}** The statements at issue here are those post-arrest statements made by Defendant related to Defendant having a drug problem and Defendant's statement, "I did, but I had to come home you know," made in response to the officer's statement, "I didn't put drugs into your system and make you drive tonight."

**{17}** Assuming, without deciding, that the statements at issue were given in response to a custodial interrogation and were, therefore, erroneously admitted into evidence, we conclude that those statements were harmless.

**{18}** We "review violations of federal constitutional rights under a harmless error standard." *State v. Gutierrez*, 2007-NMSC-033, ¶ 18, 142 N.M. 1, 162 P.3d 156. The burden is on the State to establish "that the constitutional error was harmless beyond a reasonable doubt." *See id.* (internal quotation marks and citation omitted). The error

cannot be harmless "if there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Id.* (internal quotation marks and citation omitted). Accordingly, "we assess the likely impact of the constitutional violation on the verdict." *Id.* ¶ 21. "While the strength of the properly admitted evidence is a factor in evaluating the likely impact on the [fact-finder] of the constitutional error, constitutional error cannot be deemed harmless simply because there is overwhelming evidence of [the] defendant's guilt." *Gutierrez*, 2007-NMSC-033, ¶ 18. (alteration, internal quotation marks, and citations omitted). "[W]hen reviewing an error's role in the trial, courts may, depending upon the circumstances of the cases before them, examine 'the importance of the erroneously admitted evidence in the prosecution's case', as well as 'whether the error was cumulative' or instead introduced new facts." *State v. Tollardo*, 2012-NMSC-008, ¶ 43, 275 P.3d 110 (alterations omitted) (quoting *State v. Johnson*, 2004-NMSC-029, ¶ 11, 136 N.M. 348, 98 P.3d 998). "[T]he erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision" *State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M 769, 987 P.2d 1156.

**{19}** Concerning Defendant's statements related to Defendant having a drug problem, we conclude that the admission of these statements was harmless error because these statements were not relied on by the metropolitan court to find Defendant guilty of DUI. When announcing its verdict, the metropolitan court mentioned Defendant's statements about having a drug problem. However, the court stated that it did not consider these statements in reaching a verdict. Consequently, we conclude that the admission of the statements concerning Defendant's drug problem was harmless error beyond a reasonable doubt.

**{20}** Next, with respect to Defendant's statement, "I did it. But I had to, I had to come home," made in response to the officer's statement "I didn't put drugs in your system and make you drive tonight," we note that the State argues that its admission was harmless error because it was cumulative of the statements Defendant made prior to his arrest. Specifically, the State argues that this statement "was not merely cumulative evidence; it was the same evidence, of the same character (i.e., direct evidence provided by Defendant's own admission), and did not strengthen the prosecution's case." Initially, as to this statement, we observe that the metropolitan court specifically noted this admission by Defendant in rendering its ruling on the DUI charge, stating, "So again, he's admitting to the drugs he took prior to driving." We agree with the State that the statement is of the same character as Defendant's pre-arrest admissions of use of marijuana prior to driving, that it was cumulative and did not strengthen the State's case against Defendant. *See Johnson*, 2004-NMSC-029, ¶ 38 (defining cumulative evidence as "additional evidence of the same kind tending to prove the same point as other evidence already given" (internal quotation marks and citation omitted)). Therefore, we hold that the admission of Defendant's post-arrest statements to the officer by the metropolitan court was harmless error beyond a reasonable doubt.

**{21}** We next consider Defendant's challenge to the sufficiency of the evidence supporting the DUI conviction.

## II. Sufficiency of the Evidence

**{22}** Defendant argues that his conviction for DUI is not supported by sufficient evidence. We disagree.

**{23}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). "First, a reviewing court must view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict. Second, an appellate court determines whether the evidence, viewed in this manner, could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Graham*, 2005-NMSC-004, ¶ 6, 137 N.M. 197, 109 P.3d 285 (alteration, emphases, internal quotation marks, and citations omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Storey*, 2018-NMCA-009, ¶ 45, 410 P.3d 256 (alterations, internal quotation marks, and citation omitted). "[W]e do not weigh the evidence or substitute our judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict. *Montoya*, 2015-NMSC-010, ¶ 52 (alterations, internal quotation marks, and citation omitted).

**{24}** Section 66-8-102(B), Driving Under the Influence of Intoxicating Liquor or Drugs, provides: "It is unlawful for a person who is under the influence of any drug to a degree that renders the person incapable of safely driving a vehicle to drive a vehicle within the state." *See also* UJI 14-4502 NMRA (The elements of DUI are, in pertinent part, that (1) "[t]he defendant operated a motor vehicle"; and (2) "[a]t that time the defendant was under the influence of drugs to such a degree that the defendant was incapable of safely driving a vehicle.").

**{25}** On appeal, Defendant argues that the State failed to demonstrate to what degree he was impaired, failed to demonstrate how the degree of impairment rendered him incapable of safely driving his vehicle, and failed to present testimony that consuming marijuana necessarily renders an individual incapable of safely driving a vehicle. In making these arguments, Defendant failed to cite to any authority in support of his arguments. We will, therefore, not consider them. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists.").

**{26}** To the extent that Defendant otherwise challenges the sufficiency of the evidence supporting his DUI conviction, we will review the record to determine whether there is sufficient evidence to support the DUI conviction. There is limited precedent on the issue of sufficiency of the evidence and marijuana impairment relating to DUI under Section 66-8-102(B).

**{27}** In one such case, *State v. Storey*, 2018-NMCA-009, ¶¶ 46-49, 410 P.3d 256, this Court concluded that the evidence was sufficient to support all of the elements of aggravated DUI. The evidence supporting the defendant being under the influence of drugs at the time of driving, in that case, included the following: (1) the officers smelled marijuana coming from the interior of the car at the time of the traffic stop; (2) there was a marijuana pipe in the vehicle; and (3) the defendant told the officers that he had smoked "a couple hours" before. *Id.* ¶ 47. The evidence supporting the defendant being incapable of safely driving a vehicle included the following: (1) one of the officers observed the defendant swerving out of his lane multiple times, possibly grazing the concrete divider; and (2) the defendant failed the standardized field sobriety tests. *Id.* ¶ 48. There was no evidence of a blood test entered, and the state proceeded with testimony from the officer on the scene who was a trained DRE. *Id.* ¶¶ 6, 9.

**{28}** Now, we turn to the evidence in this case. The evidence supporting Defendant being under the influence of drugs at the time of driving included the following: (1) when asked by the officer what Defendant had used today, Defendant responded, "I smoked some weed"; (2) there was a marijuana pipe on Defendant's person; and (3) the officer observed fidgeting, bloodshot eyes, and slurred speech. The evidence supporting Defendant being incapable of safely driving a vehicle included the following: (1) a police lieutenant observed Defendant driving the wrong way on a one-way street; and (2) Defendant performed poorly on the field sobriety tests.

**{29}** This case is indistinguishable from *Storey*. In both cases, the defendant was pulled over for a traffic violation, failed the field sobriety tests, and made statements relating to marijuana use that day. Essentially, the only difference between this case and *Storey*, is the absence of the odor of marijuana in this case and the testimony from a DRE. We are not convinced that the absence of the odor of marijuana and a lack of testimony from a DRE, in light of the other evidence of intoxication, would lead a rational fact-finder to find Defendant not guilty of DUI.

**{30}** We, therefore, find that there was sufficient evidence to support the Defendant's conviction for DUI.

**CONCLUSION**

**{31}** For the reasons set forth above, we affirm Defendant's conviction for DUI.

**{32}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**